## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**RECEIVED**

SEP 19 2022 *KRA*

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| **JOHN E. COVINGTON** ( | |
| **Plaintiff,** ( | |
| ( | **Case No.** |
| ( | |
| **v** ( | |
| **Andrea Lynn Chasteen** ( | |
| (individual capacity) ( | **Jury Trial** |
| **Krystal Swanberg** ( | |
| ( individual capacity) ( | **1:22-cv-05083** |
| **Will County Circuit Clerks Office** ( | **Judge: Steven C. Seeger** |
| Municipal Corp, policy, customs ( | **Magistrate Judge: Beth W. Jantz** |
| **Defendants** | **RANDOM** |

### COMPLAINT
### 42 U.S.C. §1983
### Fourteenth Amendment ("Due Process")clause

Now Comes, John E. Covington as the plaintiff to enter in pro-se him complaining in a IV count

involving violations in pursuit of 42 U.S.C. §1983 Fourteenth Amendment ("Due Process")

clause and State at Law Negligence complaint states as follows:

### I. CASE STATMENT

A. Historical Perspective 1. 42 U.S.C. §1983 is the primary remedial statute for asserting

federal civil rights claims against local public entities, officers and employees. Section 1983 is

the codification of the Civil Rights Act of 1871, otherwise known as the "Klu Klux Klan Act."

The legislative purpose was to provide a federal remedy in federal court because the state

governments and courts, "by reason of prejudice, passion, neglect, intolerance or otherwise"

were unwilling to enforce the due process rights of blacks guaranteed by the 14th Amendment.

Monroe v. Pape, 365 U.S. 167 (1961).

Statement Con't

In this case, the plaintiff John Covington is a black male that has been subject to discrimination
because of his race at the public facility name in this complaint as, (Will County Circuit Clerk
Office ) by the way through its agents or employees, Will County Circuit Clerks Office,
Municipal Corp)) Located in 100 s Jefferson st. Joliet, Illinois, County of Will.

The plaintiff John E. Covington has been intentionally denied the full and equal enjoyment of the
defendants' public facility as white individuals have. He has also not been allowed due process
as other individuals, both process and procedural. The defendants' actions at the Will County
Circuit Clerk Office) by way through its agents or employees, have been Oppression, Ill Will,
intentional spiteful and based in discrimination in 42 U.S.C 1983 and are asserted to deprive the
plaintiff' of his Constitutional Rights in the 14 Amendment of the U.S. Constitution.

 The Illinois Will County Circuit Clerk Office) by way through its agents or employees,
discrimination is so casual that it is embedded in its culture that it Evicted the plaintiff, John
Covington during the State and Federal eviction Ban for no just cause. The Defendant through its
agents or employees, sent three letters  by U.S. Mail by  from the clerk's office that contain the
word (**KLAN**) as a sign off at the bottom of the letters to indicate  the defendants" Illinois Will
County's Circuit Court Office intent on depriving the plaintiff of his Rights secured in the U.S.
Constitutional. The defendants who  actions  are apparently approved by the(KLAN ) as written
is a races and discriminatory act that deprives the plaintiff  rights that are secured in  42 U.S.C
1983 and the 14 amendment  are actions that bring that complaint forward and coming by the
plaintiff  John E. Covington.

## 2.
## JURISDICTION

This court has subject-matter jurisdiction over this lawsuit pursuant to Title 28 U.S.C. § 1331, commonly referred to as federal question jurisdiction. As plaintiff's complaint alleges claims arising under the United States Constitution and federal statutes, this court has subject-matter jurisdiction to hear those claims. 8 Title 28 U.S.C. § 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This court also has subject-matter jurisdiction to rule on plaintiffs' requests for declaratory and injunctive relief pursuant to Title 28 U.S.C. 2201(a)9 which permits a federal court to declare the rights of a party so long as there exists an "actual controversy. Furthermore, pursuant to Title 28 U.S.C. § 1367(a)10, this court has subject matter jurisdiction to hear any state law claims that may be supplemental to the federal claims already alleged.

## 3.

## PARTIES

**Plaintiff, John Covington Black male** and at all time resided in Bolingbrook, Ill County of Will, located in Illinois.

**Defendant** **(Will** County Employee: (individual capacity ) **Krystal Swanberg,)** Training Manager for Court Services, white female, plaintiff John Covington spoke with Ms. Swanberg at the counter of the Will County Clerk's Office regarding filings made on June 23,202.

**Defendant: (Municipal Corp. Will County Circuit Clerk's Office)** by way through its agents or employees, Will County Circuit Clerks Office, Municipal Corp)): who's permitted and allowed by policy or custom its employ individuals 100 s Jefferson st. Joliet 60423.

CON'T

**Defendant:( Andrea Lynn Chasteen)** individual capacity (Clerk of the Court Will County Circuit Clerks Office located at 100 s Jefferson st. Joliet, Ill 60432 for policies, customs or practice.

### 4.
### VENUE

Venue is proper as the plaintiff's cause of actions and the defendants conduct both took place in the County of Will and within the State of Illinois and the NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION federal Court region.

### Nature of Claim

5.   The plaintiff s is pleading a 42 U.S.C 1983 complaint violation of one in which: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

6.   The plaintiff's, 42 U.S.C 1983 complaint is accompanied  by Fourteenth Amendment ("Due Process") of the Equal Protection clause located within the Fourteenth Amendment of the U.S. Constitution for a cause of action for this complaint.

7.   The plaintiff has also asserted a Fourteenth Amendment violation which commands that no State shall deny to any person within its jurisdiction the equal protection of the laws."

    a)  Usually, an equal protection claim involves class-based discrimination (race, gender, etc.) or fundamental rights (marriage, family, procreation, bodily integrity). Del Marcelle v. Brown County, 680 F.3d 887 (7th Cir. 2012).

8.   The Courts have also recognized "class of one" claims. If an individual can show that he or she has been "singled out" for irrational or differential treatment by a Federal, state or local government entity or official, Section 1983 can be used in filing a "class of one claim." This occurred in "Olech v. Village of Willowbrook" .

## Factual Allegations

9.   This complaint allegations are based upon personal knowledge and evidence gathered during the cause of actions of this 42 US.C. 1983 and 14 Amendment and state at law negligence violations and personal conduct and acts beliefs of others.

10.  That the plaintiff: John E. Covington has received Administrative Review and a Right to Sue letter from the Illinois Department of Human Rights in charge no#2022CP0221and Sept. 19-2022 as an end filing date as the as the plaintiff: John E. Covington received the right to sue-letter on June 19/2022 and given 90 days to file suite after receiving.

11.  The Illinois Department of Human Rights charge no#2022CP0221 finding were that it Lack of Evidence to proceed based up self- imposed immunity of State Statutes.

12.     That all of the plaintiff: John E. Covington causes of action originated from the State of

        Illinois ,Will County Circuit Clerk's Office and its official employees.

13.     That the plaintiff John E. Covington a black male, has been intentionally denied the full

        and equal enjoyment of the defendants' Will County Circuit Clerk's Office public facility

        and not treated as white individuals have.

14.     That the plaintiff: John E. Covington a black male has not been allowed due process as

        other individuals, both process and procedural that was denied services at the defendants'

        Will County Circuit Clerk's Office public facility.

15.     That all of the defendants at Will County Circuit Clerks Office, Municipal Corp by and

        through its agents or employees that are mentioned in this complaint are white and the

        plaintiff has seen only 1 African American working at the Will County Circuit Clerk's

        Office.

16.     The defendant Will County Circuit Clerks Office, Municipal Corp by and through its

        agents or employees are an disproportional numbers of blacks workers to the racial

        makeup of Will County.

15.     That the defendant Will County Circuit Clerks Office, Municipal Corp by and through its

        agents or employees printed and mailed court ordered documents with the word (**KLAN**)

        at the signing on three separate occurrences to the Mr. Covington on or about 1-11/21 and

        in June/03/2021 and on 05/17/22 to his home in Bolingbrook, Illinois.

16. That the defendant Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees t) is the Official Court Record Keeper and Will County Court Scheduler that commences court action in Will County for the State of Illinois.

17. That the plaintiff John Covington has visited the Will County Circuit Clerk's Office in person and seen by and through its agents or employees at the Will County's Clerks office by its employees Clerks in on ZOOM hearings.

18. That the plaintiff John Covington has been a frequent IN PERSON visitor at defendant's facility because of his litigation in two different State of Illinois Will County cases at the court before, during and post COVIN-19 pandemic no# 18-L-0785 and 18-L-2394. Covington v Mohammed.

19. After the plaintiff John Covington received the judgment in case 18-L-0785 the Clerks at the Will County Circuit Clerks office became hateful, vindictive and retaliatory towards the plaintiff court filing and at the Circuit Court Clerk's Office E-filing system located within the Clerk office stations.

19. That the Will County Circuit Court Clerk office actions by and through its agents or employees were vindictive and retaliatory and discrimination and were led by **Defendant**: (**Will** County Employee: Individual capacity) **Krystal Swanberg,**) Training Manager for Court Services, white female.

7

20. That defendant Will County Circuit Court Clerks office by and through its agents or employees worked in concert to conspire and deprive the plaintiff John Covington f of his Civil Rights in **42 U.S.C. §1983 and the Fourteenth Amendment Equal Protection ("Due Process")** clause and at state law.

21. That the Will County Circuit Court Clerk's office by and through its agents or employees action have been Oppression, Ill Will, intentional and" spiteful" to get back at the plaintiff and was done for no objective reason and served no useful purpose and was caused for no reason other than a baseless hatred for him.

22. That on or about 1-11/21 and in June/07/2021 and on 05/17/22,I John E. Covington was subjected to the denial of the full and equal enjoyment of Will County Circuit Clerk's Office , due to racially discriminating behaviors from employees by the mailing of the (KLAN ) documents that were meant to stop the plaintiff from defending his –self in a court of law with the Will County Circuit Clerks Office.

23. That on or about 1-11/21 and in June/07/2021 and on 05/17/22, John E. Covington was subjected to Racially Oppressive language in an court order mailing that originated directly from the Will County Circuit Clerks Office.

24. That the defendant Will County Circuit Clerks office sent mail the contain the word(KLAN) on three septate occasions and Despite the plaintiff John Covington request for the Will County Circuit Clerks Office to STOP it kept on writing and sending that mail. Thus confirming that defendant was intent on discriminating against Mr. Covington.

8

## COUNT 1.

### Complaint 42 U.S.C. 1983

### Fourteenth Amendment Equal Protection
### . ("Due Process") clause.
Cause of Action

1. constitutional rights were violated,

2. That the violation was caused by a person acting under color of law.

Defendant:( Andrea Lynn Chasteen individual capacity)

(white   female.)

(Clerk of the Court Will County Circuit Clerks Office

*Plaintiff fully incorporates the allegations above 1-27 by reference*

28.  **Klan:** noun ˈklan plural Klans often attributive

: KU KLUX KLAN

also: a subordinate unit of the Ku Klux Klan

**Merriam-Webster.com Dictionary, Merriam-Webster**

29.  That on or about 11-11-21 the plaintiff: John E. Covington received an official court /minute/order containing the word **(KLAN)** at the bottom on the order under Defendant:( Andrea Lynn Chasteen) (Clerk of the Court of Will County Circuit Clerks Office. name asserting her personal authority authentication of the writing of the judicial order given by the judge.

30.  That on or about 06-03-21 the plaintiff John E. Covington received an official court /minute/order containing the word **(KLAN)** at the bottom on the order under Defendant:( Andrea Lynn Chasteen) (Clerk of the Court of Will County Circuit Clerks Office, name asserting the personal responsible of the writing of the judicial order given by the judge.

32.     That on or about 05-17-22 the plaintiff John E. Covington received an official court /minute/order the word containing (**KLAN**) in the bottom on the order where the personal responsible for the order directly under name of Defendant:( Andrea Lynn Chasteen) (Clerk of the Court of Will County Circuit Clerks Office, name asserting the personal responsible of the writing of the judicial order given by the judge.

33.     That the writing, approval and mailing of the discriminatory and oppressive racial documents were approved by defendant:( Andrea Lynn Chasteen) (Clerk of the Court of Will County Circuit Clerks Office, with name asserting the personal responsible of the writing of the judicial documents.

33. That the defendant Will County Circuit Court Clerk Andrea Lynn Chasteen) failed to train her employee and other officials that official fails to properly train, supervise, direct or control actions of subordinate who causes his injury. Pearl v. Dobbs, 649 F.2d 608, 1981 U.S. App. LEXIS 12942 (8th Cir. 1981).

34.     The Will County Circuit Court Clerk's office official head Defendant:( Andrea Lynn Chasteen) has control over the custom, procedure or practices that allow its clerks to use personal login initial to label official court documents with 4 letter words that are offensive towards the plaintiff John Covington and other blacks such as, used (**KLAN**).

34.   That Defendant:( Andrea Lynn Chasteen individual capacity ) (Clerk of the Court of Will County Circuit Clerks Office had actual notice of the offensive language and use of **(KLAN)** as a way of sending office approval on 07/28/21 by way of e-file notice by the plaintiff John Covington  and in Illinois Department of Human Rights in charge no#2022CP0221, but took no action no stop the mailing of such oppressive court documents which violated  the plaintiff  John Covington  Constitutional  Right secured in 42 U.S.C 1983 and the 14 Amendment equal protection clause in pursuit of Liberty in the Fourteenth Amendment.

35.   That the plaintiff a black male, wanted and ask to be free from discriminatory offensive language and threats   from the defendant a white female  (Andrea Lynn Chasteen) . But the Offensive and racial discriminatory orders kept coming in the mail despite his request for it to stop.

36.   That Defendant:( Andrea Lynn Chasteen) (Clerk of the Court of Will County Circuit Clerks Office official had actual and constructive notice of unconstitutional practices and demonstrated gross negligence or deliberate indifference by failing to act. As in Neris v. Vivoni, 249 F. Supp. 2d 146, 2003 U.S. Dist. LEXIS 3620 (D.P.R. 2003).

37. That Defendant:( Andrea Lynn Chasteen for no reason other than a baseless hatred, then it denies that resident the equal protection of the laws.Olech v. Village of Willowbrook, 160 F.3d 386, 388, 1998 U.S. App. LEXIS 28387, *6 (7th Cir. Ill. November 12, 1998).

38. Defendant Andrea Lynn Chasteen knew of her subordinate's misconduct and facilitate it approve, and condone, it and then turned a blind eye toward it. Gentry v. Duckworth, 65 F.3d 555 (7th Cir. 1995).

39. That Defendant Andrea Lynn Chasteen is the approximate cause that denied the plaintiff his rights to Liberty protected by due process clause of Fourteenth Amendment of U.S Constitution Equal Protection ("Due Process") clause for not allowing equal treatment to the plaintiff and unlawfully interfered with his protected liberty by failing to provide adequate procedural safeguards, to stop the deprivation of liberty to Mr. Covington.

40. That defendant( Andrea Lynn Chasteen has personal involvement, as supervisory liability under 42 USCS § 1983, that she had actual or constructive notice of unconstitutional practices and demonstrates gross negligence or deliberate indifference by failing to act. Neris v. Vivoni, 249 F. Supp. 2d 146, 2003 U.S. Dist. LEXIS 3620 (D.P.R. 2003).

41.. That defendant:( Andrea Lynn Chasteen by putting her name on every document of deprivation sent to the plaintiff allows for vicarious liability to be imposed on basis of state law without personal involvement. Navarette v. Enomoto, 536 F.2d 277, 1976 U.S. App. LEXIS 12940 (9th Cir. 1976),

42.    That defendant, Andrea Lynn Chasteen is an officer who is present and fails to intervene to prevent other law enforcement officers from violating a person's constitutional rights is liable under Section 1983. Byrd v. Brishke, 466 F.2d 6 (7th Cir. 1972) (an officer who knows about the unlawful conduct and has a realistic opportunity to intervene and prevent harm from occurring is liable).

43.    That the Equal Protection Clause: "nor shall any State . . . deny to any person within its jurisdiction the equal protection of the laws."    a) Usually, an equal protection claim involves class-based discrimination (race, gender, etc.) or fundamental rights (marriage, family, procreation, bodily integrity). Del Marcelle v. Brown County, 680 F.3d 887 (7th Cir. 2012).

44.    That the defendant:( Andrea Lynn Chasteen individual capacity) (Clerk of the Court Will County Circuit Clerks Office, as complained herein, deprives Plaintiffs of the right to be free from racial harassment, threats and offensive language discrimination associate under the freedom of Liberty pursuit to the Fourteenth Amendment (due process ) clause of the United States Constitution.

45.    The Defendant:( Andrea Lynn Chasteen individual capacity) (Clerk of the Court Will County Circuit Clerks Office, as complained herein, deprives John Covington of equal protection(due-process) under the Fourteenth Amendment of the United States Constitution.

46.    As described above, Defendant Andrea Lynn Chasteen has breached her duty not to discriminate and treat each patron equal and therefore, denying Mr. Covington his due process to liberty.

47.     The Defendant Andrea Lynn Chasteen actions were performed under color of state law, and violated Mr. Covington's due process rights under the Fourteenth Amendment to the United States Constitution,

48.     As a direct and proximate result of Defendant Andrea Lynn Chasteen actions, Mr. Covington was not provided with the same level of protection from discrimination as white patrons and has suffered damages as a result.

49.     That the conduct of defendant Andrea Lynn Chasteen was willful and exhibited a flagrant disregard for Mr. Covington's federally secured rights.  Accordingly, this defendant is liable to the plaintiff under 42 U.S.C. ' 1983.

50.     That the defendant, Andrea Lynn Chasteen under the "color of law," subjected, caused to be subjected, and is likely to continue subjecting Plaintiffs, to Offensive and threating mail and order of the court from State of Illinois Circuit Court officials caused the deprivation of rights, privileges, or immunities secured by the U.S. Constitution including th  Equal Protection (Due –Process) clause of Fourteenth Amendments.

51.     That defendant:( Andrea Lynn Chasteen individual capacity) (Clerk of the Court Will County Circuit Clerks Office, promulgated, created, implemented or possessed responsibility for continued operation of policy that (2) caused complained of constitutional harm, and (3) acted with state of mind required to establish alleged constitutional as deprivation as in Dodds v. Richardson, 614 F.3d 1185, 2010 U.S. App.

52. That no reasonable person acting as Clerk of the Court would assume that (KLAN) sent to the plaintiff/ black person that it would not "Shocks conscience" and deny him his "fundamental liberty to be able to be free from discrimination by a public facility.

53. The actions of the defendant Andrea Lynn Chasteen in her individual capacity has been Oppression, Ill Will, intentional and" spiteful" to get back at the plaintiff and was done for no objective reason and served no useful purpose and was asserted for no reason other than a baseless hatred for him.

54. The Fourteenth Amendment contains a number of important concepts, most famously state action, privileges & immunities, citizenship, due process, and equal protection.

55. The plaintiff's John Covington Due process claim may be asserted as claim of denial of either procedural or substantive due process or both; procedural due process claim alleges that state has unlawfully interfered with protected liberty of property interest by failing to provide adequate procedural safeguards, and claim focuses on procedures used by state in effecting deprivation of liberty or property; substantive due process claim alleges not that state's procedures are deficient, but that state's conduct is inherently impermissible, regardless of any protected or remedial procedures. Ramos v. Gallo, 596 F. Supp. 833, 1984 U.S. Dist. LEXIS 22499 (D. Mass. 1984).

56. In Esmail v. Macrane, 53 F.3d 176 (7th Cir. 1995), held that the equal protection clause provides a remedy when "a powerful public official picked on a person out of sheer vindictiveness. " Id. at 178. Although the clause is more commonly invoked on behalf of a person who either belongs to a vulnerable minority or is harmed by an irrational difference in treatment, it can also be invoked, See also Indiana State Teachers Ass'n v. Board of School. Commissioners, 101 F.3d 1179, 1181-82 (7th Cir. 1996);

## COUNT II

### Complaint 42 U.S.C. 1983

### Cause of Action

1. constitutional rights were violated,

2. that the violation was caused by a person acting under color of law

Defendant : (Will County Employee: (individual capacity )
white female.
**Krystal Swanberg,)**

*Plaintiff incorporates the allegations above 1-24 by reference*

57. That on July 23,2021, the plaintiff John Covington was subjected to the denial of the full and equal enjoyment of Will County Circuit Court facility, due to racially discriminating actions and behaviors from defendant **Krystal Swanberg** that were meant to stop Mr. Covington from filing required documents for defending his case in at the Will County Circuit Court office facility.

58. On July 19,2021 and July 23, 2021, the plaintiff filed a fee waiver document online which the Will County Clerks' rejected citing filing errors. So on July 23, 2021, plaintiff, John Covington went into Defendant's **Krystal Swanberg** facility in person to fill out the require documents in order to avoid the errors he had supposedly caused.

59. Upon entering the lobby the plaintiff John Covington requested assistance from the e-filing clerk with the filing of documents, (a "Will County Circuit Court e-file lobby clerk".) And after the e-file lobby clerk took all of the plaintiff's documents that he had, the employee entered all of them into the e-filing system and plaintiff Mr. Covington proceeded to the Will County Circuit Court Clerks window for acceptance from the clerks' office.

60.    That soon after stepping up to the Will County Circuit Court clerks window the plaintiff John Covington requested a supervisor because he had not been allowed to file the documents on 2 separate occasions at home and 1 before at the Will County Circuit Court clerks window because the distance from Bolingbrook, Ill to Joliet, Ill is about 50 miles round trip.

61.    Thereafter, the supervisor arrived at the window, who was defendant (Will County Employee:white female. Krystal Swanberg,) who then denied the "Will County Circuit Court e-file lobby clerk" filing and produced her own e-file envelope 14305337 and two other envelopes for the plaintiff John Covington and the e-file lobby clerk" to submit for filing.

62.    After the direction of defendant Krystal Swanberg the e-filing lobby clerk and the plaintiff John Covington return to the e-filing station for submission of the envelopes that the defendant Krystal Swanberg had prepared for filing for the e-file lobby clerk and the plaintiff John Covington .

63.    Thereafter, the plaintiff John Covington and the e-filing lobby clerk filed the documents into the e-file system and the plaintiff John Covington drove back to Bolingbrook, Ill 25 miles and encountered a fractured wrist from hitting a pothole on the road on the way home from the Will County Circuit Clerks office cause by the defendant Krystal Swanberg action.

64.    That upon reaching home the plaintiff had learned that the filing that the defendant, Krystal Swanberg had prepared and authorized by Krystal Swanberg was rejected or denied for( "per conversation at counter.)

65.    That in actuality the defendant, Krystal  Swanberg denied her own prepared e-filing

envelopes that she prepared for the e-filing lobby clerk and plaintiff John Covington

certainly, denying the plaintiff his rights secured in Fourteenth Amendment Equal

Protection ("Due Process") clause.

66.    The defendant Krystal  Swanberg,) denied the plaintiff's filing for( "per  conversation  at

counter.) however, there was never a conversation that would have allowed her to deny the

plaintiff filing, simply because she gave Mr. Covington and the e-file lobby clerk the file

to file in the first place, contradicting her own action and rejecting her own e-filing

envelope THAT SHE HAD PREPARED in order to stop the plaintiff from filing his

required documents to defend his case in a court of law.

67.    The defendant action denied the plaintiff of the full and equal enjoyment of  Will County

Circuit Court Clerk's office  facility,  due  to  the  racially  discriminating  behaviors

and actions from **Krystal  Swanberg** that  were  meant  to  stop  Mr. Covington  from

defending  his case.

68.    That the plaintiff John Covington a black male, wanted and ask to be free from

discriminatory because of his race at the public facility name in this complaint as, (Will

County Circuit Clerk Office ) by the way through its agents or employees, Will County

Circuit Clerks Office, Municipal Corp but was denied his request on or about 7-23-21 to

file any court documents at the defendant's **Krystal  Swanberg** facility .

69.   That defendant **Krystal   Swanberg** actions towards the plainntiff have been Oppression, Ill Will, intentional and" spiteful" to get back at the plaintiff and was done for no objective reason and  served no useful purpose and was asserted for no reason other than a baseless hatred for him.

70.   That the defendant Krystal   Swanberg deprived the plaintiff of his rights secured by the 14 Amendment (Due-process) of the equal protection clause of the U.S. Constitution as in Reid v. Sandy, 2022 U.S. Dist. LEXIS 55816, *15-16, 2022 WL 898720 (N.D. W. Va.

71    That the defendant Krystal   Swanberg actions violates the Due Process Clause because government employee acting within scope of his employment to commit reckless act that by gratuitously endangering person results in injury to that person. Slade v. Bd. of Sch. Dirs. of Milwaukee, 702 F.3d 1027, 2012 U.S. App. LEXIS 26433 (7th Cir. 2012.

72.   The Defendant:( **Krystal   Swanberg** individual capacity) (Clerk of the Will County Circuit Clerks Office, as complained herein, deprives Plaintiffs John Covington equal protection(due-process) under the Fourteenth Amendment of the United States Constitution. .

73.    The Defendant, **Krystal   Swanberg** under the "color of law," subjected, caused to be subjected, and is likely to continue subjecting Plaintiffs, to Offensive and threating mail and order of the court from State of Illinois Circuit Court officials caused the deprivation of rights, privileges, or immunities secured by the U.S. Constitution including the Equal Protection (Due –Process) clause of Fourteenth Amendments.

74. That Defendant:( **Krystal Swanberg**) (Clerk of the Court Will County Circuit Clerks Office,. is the approximate cause that denied the plaintiff his rights to Liberty protected by due process clause of Fourteenth Amendment of U.S Constitution Equal Protection ("Due Process") .

75. As described above, Defendant Krystal Swanberg delayed the forwarding of a the plaintiff John Covington liberties to defend his-self in a court and repeatedly denied Mr. Covington access to the court and exhibited a completely indifferent attitude towards the plaintiff l John Covington legitimate court filings.

76. That defendant **Krystal Swanberg** actions were performed under color of state law, and violated Mr. Covington's due process rights under the Fourteenth Amendment to the United States Constitution, as well as his rights under 42 U.S.C 1983

77. As a direct and proximate result of defendant **Krystal Swanberg** actions, Mr. Covington was unable to pursue his legal rights, including certain lawsuits to defend his-property, and has suffered damages as a result.

78. That the conduct of defendant **Krystal Swanberg** was willful and exhibited a flagrant disregard for Mr. Covington federally secured rights. Accordingly, this defendant **Krystal Swanberg** is liable t Mr. Covington under 42 U.S.C. ' 1983.

79. That the defendant **Krystal Swanberg** under the "color of law," subjected, caused to be subjected, and is likely to continue subjecting Plaintiffs, to Offensive and threating mail and order of the court from State of Illinois Circuit Court officials caused the deprivation of rights, privileges, or immunities secured by the U.S. Constitution including the Equal Protection (Due –Process) clause of Fourteenth Amendments.

80.   That defendant:( **Krystal   Swanberg** (Clerk of the Court Will County Circuit Clerks

Office,. is the approximate cause that denied the plaintiff his rights to Liberty protected

by due process clause of Fourteenth Amendment of  U.S Constitution Equal

Protection ("Due Process") c

81.   As described above, efendant Krystal   Swanberg  delayed the forwarding of a the plaintiff

liberties to defend his-self in a court and repeatedly denied Mr. Covington  access to the

court and exhibited a completely indifferent attitude towards the plaintiff legitimate court

filings.

82.  That the defendant **Krystal   Swanberg** actions were performed under color of state law,

and violated Mr. Covington's due process rights under the Fourteenth Amendment to the

United States Constitution, as well as his rights under the United States Constitution.

83.   The conduct of the defendant **Krystal   Swanberg** was willful and exhibited a flagrant

disregard for Mr. Covington federally secured rights.  Accordingly, this defendant is liable

the plaintiff John  Covington under 42 U.S.C. ' 1983.

**COUNT III**

**42 U.S.C. 1983**

**Will County Circuit Clerks Office**
Municipal Corp
Defendant

*Plaintiff incorporates the allegations above 1-24 by reference*

84.   The Defendant:)  Will County Circuit Clerks Office, Municipal Corp, by and through its

agents or employees owned, operated, managed, directed, controlled and maintained a

facility name, Will County Circuit Clerks Office located at 100 west Jefferson St. Joliet,

IL 60432  is the Official Court Record Keeper for the State of Illinois Will County Illinois

that has internal working operations that identify concerns within its organizational

structure as any State of Illinois Governmental agency.

85.    The defendant:)  Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees violated Mr. Covington Rights secured in the 42 U.S.C1983 and the Fourteenth Amendment  which contains a number of important concepts, most famously state  action, privileges & immunities, citizenship, due process, and equal protection.

86.    The state action requirement refers to the requirement that in order for a plaintiff to have standing to sue over a law being violated, the plaintiff must demonstrate that the government (local, state, or federal), was responsible for the violation.

87.  That defendant Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees for no reason other than a baseless hatred, then it denies that resident the equal protection of the laws. Olech v. Village of Willowbrook, 160 F.3d 386, 388, 1998 U.S. App. LEXIS 28387, *6 (7th Cir. Ill. November 12, 1998).

88.  In  Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978):

b)  Municipal entities may be sued under section 1983 only when their own policies, customs or practices cause the constitutional deprivation.  c)

89.  That the defendant:)  Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees had an official policy adopted and promulgated by the entity;   and had a practice or custom that, although not officially authorized, is widespread and well settled within the entity.

90. The Defendant:)  Will County Circuit Clerks Office, Municipal Corp, by and through its agents or employees had actual and constructive notice of unconstitutional practices and demonstrated gross negligence or deliberate indifference by failing to act. As in Neris v. Vivoni, 249 F. Supp. 2d 146, 2003 U.S. Dist. LEXIS 3620 (D.P.R. 2003).

91. That the defendant Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees for no reason other than a baseless hatred, then it denies that resident the equal protection of the laws.Olech v. Village of Willowbrook, 160 F.3d 386, 388, 1998 U.S. App. LEXIS 28387, *6 (7th Cir. Ill. November 12, 1998).

92. That the defendant:) Will County Circuit Clerks Office, Municipal Corp. by and through its agents or employees knew of its subordinate's misconduct and facilitate it approve, and condone, it and then turned a blind eye toward it. Gentry v. Duckworth, 65 F.3d 555 (7th Cir. 1995).

93. The defendant:) Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees is the approximate cause that denied the plaintiff his rights to Liberty protected by due process clause of Fourteenth Amendment of U.S Constitution Equal Protection ("Due Process") clause for not allowing equal treatment to the plaintiff and unlawfully interfered with his protected liberty by failing to provide adequate procedural safeguards, to stop the deprivation of liberty to plaintiff John Covington.

94. That the defendant:) Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees put its name on every document of deprivation sent to the plaintiff allows for vicarious liability to be imposed on basis of state law without personal involvement. Navarette v. Enomoto, 536 F.2d 277, 1976 U.S. App. LEXIS 12940 (9th Cir. 1976),

95.     The defendant:)  Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees is a governmental Unit who was present and failed to intervene to prevent other officers from violating a person's constitutional rights is liable under Section 1983.  Byrd v. Brishke, 466 F.2d 6 (7th Cir. 1972) (an officer who knows about the unlawful conduct and has a realistic opportunity to intervene and prevent harm from occurring is liable).

96.     Equal Protection Clause: "nor shall any State . . . deny to any person within its jurisdiction the equal protection of the laws."     a)  Usually, an equal protection claim involves class-based discrimination (race, gender, etc.) or fundamental rights (marriage, family, procreation, bodily integrity). Del Marcelle v. Brown County, 680 F.3d 887 (7th Cir. 2012).

97.     The The Defendant:)  Will County Circuit Clerks Office, Municipal Corp, by and through its agents or employees as complained herein, deprives Mr. Covington his right to be free from racial harassment, threats and offensive language and racial l discrimination associate within its organization under the freedom of Liberty pursuit to the Fourteenth Amendment (due process ) clause of the United States Constitution.

98.     The defendant:)  Will County Circuit Clerks Office, Municipal Corp) by and through its agents or employees, as complained herein, deprives The plaintiff John Covington  equal protection(due-process) under the Fourteenth Amendment of the United States Constitution.

99. As described above, the defendant:) Will County Circuit Clerks Office Municipal Corp by and through its agents or employees has breached its duty not to discriminate and therefore, denying plaintiff John Covington his due process to liberty.

100. The plaintiff John Covington, Due process claim is asserted as claim of denial of either procedural or substantive due process or both; procedural due process claim alleges that state has unlawfully interfered with protected liberty of property interest by failing to provide adequate procedural safeguards, and claim focuses on procedures used by state in effecting deprivation of liberty or property; substantive due process claim alleges not that state's procedures are deficient, but that state's conduct is inherently impermissible, regardless of any protected or remedial procedures. <u>Ramos v. Gallo,</u> 596 F. Supp. 833, 1984 U.S. Dist. LEXIS 22499 (D. Mass. 1984).

100. The defendant:) Will County Circuit Clerks Office, Municipal Corp. by and through its agents or employees actions were performed under color of state law, and violated Mr. Covington's due process rights under the Fourteenth Amendment to the United States Constitution,

101. As a direct and proximate result of the efendant:) Will County Circuit Clerks Office, Municipal Corp, by and through its agents or employees John. Covington was not provided with the same level of protection from discrimination as white patrons has and has suffered damages as a result.

102. The conduct of the defendant:) Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees was willful and exhibited a flagrant disregard for Mr. Covington's federally secured rights. Accordingly, this defendant is liable to the plaintiff under 42 U.S.C. ' 1983.

103. That the defendant:) Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees under the "color of law," subjected, caused to be subjected, and is likely to continue subjecting Plaintiffs, John Covington to Offensive and threating mail and order of the court from State of Illinois Circuit Court officials caused the deprivation of rights, privileges, or immunities secured by the U.S. Constitution including the Equal Protection (Due –Process) clause of Fourteenth Amendments.

104. That the defendant:) Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees promulgated, created, implemented or possessed responsibility for continued operation of policy that (2) caused complained of constitutional harm, and (3) acted with state of mind required to establish alleged constitutional as deprivation as in Dodds v. Richardson, 614 F.3d 1185, 2010 U.S. App.

105. No reasonable person acting as employee at the defendant:) Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees would assume that (KLAN) sent to the plaintiff/ black person that it would not "Shocks conscience" and deny him his "fundamental liberty to be able to be free from discrimination by a public facility.

106. The actions of the defendant Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees have been Oppression, Ill Will, intentional and" spiteful" to get back at the plaintiff and was done for no objective reason and served no useful purpose and was asserted for no reason other than a baseless hatred for him.

107. The Fourteenth Amendment contains a number of important concepts, most famously state action, privileges & immunities, citizenship, due process, and equal protection.

26

108. That the plaintiff's John Covington 42 USCS § 1983 complaint maintain theory of direct liability against the defendant:) Will County Circuit Clerks Office, Municipal Corp because its official failed to properly train, supervise, direct or control actions of subordinate who causes injury. Pearl v. Dobbs, 649 F.2d 608, 1981 U.S. App. LEXIS 12942 (8th Cir. 1981).

### State at Law Complaint

The Defendant:) Will County Circuit Clerks Office, Municipal Corp
Governmental Unit

*Plaintiff incorporates the allegations above 1-27 by reference from Federal Complaint*

109. Now Comes John E. Covington as the plaintiff to enter in pro-se a COMPLAINT AT LAW – NEGLIGENCE against Defendant: Will County Circuit Clerks Office, Municipal a Governmental Unit states as follows:

110. That the Defendant, Will County Circuit Clerks Office, Municipal a Governmental Unit owned, operated, managed, directed, controlled and maintained a facility name, Will County Circuit Clerks Office located at 100 west Jefferson St. Joliet, IL 60432.

111. That the Defendant, Will County Circuit Clerks Office, Municipal a Governmental Unit is the Official Court Record Keeper and court scheduler for the State of Illinois Will County Illinois and that it has internal working operations that identify concerns within its organizational structure as any State of Illinois Governmental agency.

112. That on 03/30/21 the plaintiff in a civil action, Saleem Mohammed led by his attorney filed and scheduled for a formal court hearing on the extension of a enforcement of the eviction code in Illinois Statue 735- 5/2-117. In the Twelfth Judicial Circuit Court of Will County against Plaintiff, John Covington at his address located in Bolingbrook, Illinois by way of the Defendant:) Will County Circuit Clerks Office, Municipal Corp Governmental Unit, in case 18-L-2394 <u>Mohammed v John Covington</u>.

113. That the commencement of the formal court hearing on the extension of a enforcement eviction code in Illinois Statue 735- 5/2-117 by way of the Defendant:) Will County Circuit Clerks Office, Municipal Corp Governmental Unit was commenced during a date of 03/30/21 that restricted residential evictions during the COVIN-19 Eviction Ban in the State of Illinois.

114. That the commencement of the residential eviction of the plaintiff, John Covington could have only begun by way of the (Defendant's and through its agents or employees of Will County Circuit Clerks Office, Municipal Corp Governmental Unit

115. Defendant's and through its agents or employees of Will County Circuit Clerks Office, Municipal Corp Governmental Unit Knowingly, intentionally and with a conscious and reckless disregard for Illinois Executive Order 2020-30) scheduled and commenced an residential eviction in Illinois in violation of Executive Order 2020-30 during the date of 03/30/21.

116. That on 04/15/21 a Formal hearing was held on the then plaintiff, Saleem Mohammed's MOTION FOR EXTENSION OF PERIOD OF ENFORCEMENT OF THE JUDGMENT in pursuit of 735 ILCS 5/9/-117 and that the plaintiff, John Covington attended.

117. That thereafter, the hearing on 04/15/21 the plaintiff, John Covington was giving an eviction order that could only have been commenced and authorized Unit Knowingly, intentionally and with a conscious and reckless disregard for Illinois Executive Order 2020-30) by the Defendant through its agents or employees, Will County Circuit Clerks Office, Municipal Corp) which had scheduled the hearing and gave it its stamp of authenticity and approval of the banned residential eviction orders in violation of Illinois Executive Order 2020-30 during the date of 04/15/21.

118. The Defendant: by and through its agents or employees, Will County Circuit Clerks Office Municipal Corp, Knowingly, intentionally and with a conscious and reckless disregard for the has promulgated, created, implemented or possessed responsibility for continued operation of policy that (2) caused complained a State agency of Illinois, irreparable harm to plaintiff, Mr. Covington and (3) acted with willful state of mind required to establish (Negligence ) in the State of Illinois.

119. That the defendant:) Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees was the proximate cause of the plaintiff John Covington's injuries a caused in Violation of the Executive Order 2020-30.

120. That the defendant:) Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees has a legal duty to use care and not to break the law in Executive Order 2020-30.

121. That the defendant: Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees has cause irreparable harm in breaking the law in Executive Order 2020-30.

122. That the defendant, Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees acts were in violation in Executive Order 2020-30 was Willful an with Wanton.

## DAMAGES

123. WHEREFORE, Plaintiff , John E. Covington demand that judgment be entered against That Defendant, The Defendant:) Illinois Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees for its Willful and Wanton acts in an amount in excess of the jurisdictional limits of FIFTYTHOUSAND ($50,000.00) DOLLARS.

## COUNT IV

Intentional Infliction of Emotional Distress Claim
Against Defendants
Andrea Lynn Chasteen. Krystal  Swanberg and  Will County Circuit Clerks Office, Municipal
Corp by and through its agents or employees

124. The allegations of paragraphs 1 through 124 are incorporated herein by reference. .  As
described above, the conduct of Defendants Andrea Lynn Chasteen. **Krystal  Swanberg**
and  Defendant:)  Will County Circuit Clerks Office, Municipal Corp by and through its
agents or employees actions were extreme and outrageous, including without limitation
using malicious and excessive force against Mr. Covington without provocation or
justification, destroying his Civil Liberties and evicting him from his property the
defendants   knew of its conduct, or knew that there was a high probability that such
conduct would result in such distress.

### Conclusion
### Federal Complaint
### DAMAGES

124. Wherefore the plaintiff John E. Covington prays for the following:

a. judgment for compensatory damages against all defendants Andrea Lynn Chasteen.

Krystal · Swanberg and  Will County Circuit Clerks Office, Municipal Corp by and

through its agents or employees and a judgment for punitive damages against all

defendants in an amount totaling  $100,000,00  One hundred Thousand Dollars for each

defendants.

b. **State at Law Complaint Damages**

Compensatory and for punitive  damages against Defendant Will County Circuit Clerks

Office, Municipal Corp in the amount of - FIFTY THOUSAND ($50,000.00) DOLLARS.

John Covington

09/18/22

31

## Certificate of Service

I, John Covington swore that on 09/18/22 he placed a copy

  42 u.s.c1983 **complaint** in the U.S. mail and  E- FILING system for service of the Defendant's

to the parties listed at the address below.


Andrea Lynn Chasteen.

100 w Jefferson St

Joliet, Ill 60432


Krystal   Swanberg

100 w Jefferson St

Joliet, Ill 60432


Will County Circuit Clerks Office, Municipal Corp

100 w Jefferson St

Joliet, Ill 60432

## STATE OF ILLINOIS
## DEPARTMENT OF HUMAN RIGHTS

**IN THE MATTER OF:**
JOHN COVINGTON,                                                    )
                                                                   )
                                                                   )
                        COMPLAINANT,      )    CHARGE NO.    2022CP0221
                                                                   )    EEOC NO.        N/A
AND                                                                )
                                                                   )
WILL CITY CIRCUIT CLERK,                                           )
                                                                   )
                                                                   )
                                                                   )
                        RESPONDENT.       )

## NOTICE OF DISMISSAL
## FOR LACK OF SUBSTANTIAL EVIDENCE

**For Complainant**                          **For Respondent**

John Covington                               Amanda Kozar
104 Springhill Dr                            Office of the Illinois
Bolingbrook, IL 60440                        Attorney General
                                             100 W. Randolph St
                                             Floor 13
                                             Chicago, IL 60601

DATE OF DISMISSAL: June 14, 2022

1.    YOU ARE HEREBY NOTIFIED that based upon the enclosed investigation report,
      the Department has determined that there is NOT substantial evidence to support
      the allegation(s) of the charge. Accordingly, pursuant to Section 7A-102(D) of the
      Act (775 ILCS 5/1-101 et seq.) and the Department's Rules and Regulations (56
      Ill. Adm. Code. Chapter II, §2520.560) the charge is HEREBY DISMISSED.

2.    If Complainant disagrees with this action, Complainant may:

      a)  Seek review of this dismissal before the Illinois Human Rights Commission
          (Commission), 160 North LaSalle Street, 10th Floor, Suite N-1000,
          Chicago, Illinois, 60601, by filing a "Request for Review" with the Commission
          by the request for review filing date below. Respondent will be notified by
          the Commission if a Request for Review is filed.

      **REQUEST FOR REVIEW FILING DEADLINE DATE:** September 19, 2022

          Or, Complainant may:

      b)  Commence a civil action in the appropriate state circuit court within ninety (90)
          days after receipt of this Notice. A complaint should be filed in the Circuit
          court in the county where the civil rights violation was allegedly committed.



## ANDREA LYNN CHASTEEN
### CLERK OF THE TWELFTH JUDICIAL CIRCUIT COURT
### WILL COUNTY, ILLINOIS
### 815-727-8592

June 7, 2021

JOHN E. COVINGTON
-VS-
SALEEM MOHAMMED

RE : 2020 L  000519

Dear Counsel  :

With reference to the above captioned cause, you are advised that on 6/03/2021 minutes were entered by the Honorable  JOHN C. ANDERSON dismissing your case for want of prosecution, due to :

- failure to appear

- failure to appear for Case Management Conference.

Sincerely,

Andrea Lynn Chasteen
Clerk of the Circuit Court

KLAN

cc :  Court File

# Andrea Lynn Chasteen
### Circuit Court Clerk

815.774.4560

## OFFICE OF THE CIRCUIT COURT CLERK
Twelfth Judicial Circuit - Will County
57 N. Ottawa Street
Joliet, Illinois 60432
www.circuitclerkofwillcounty.com

Fax 815.774.4580

May 17, 2022

**JOHN COVINGTON**
**104 SPRINGHILL DRIVE**
**BOLINGBROOK, ILLINOIS 60440**
**20L519**

RE: 2020 L  000519
JOHN E. COVINGTON
-VS-
SALEEM MOHAMMED

To Whom It May Concern:

Enclosed is a copy of the Minute Entry /Court Order entered on

by the Honorable JOHN C. ANDERSON.

Sincerely,

Andrea Lynn Chasteen
Clerk of the Circuit Court

KLAN

Encl.
cc  :  Court File

**JOHN COVINGTON**
**104 SPRINGHILL DRIVE**
**BOLINGBROOK, ILLINOIS 60440**
**20L519**

## MISSION STATEMENT
The mission of the Circuit Clerk's office is to serve the citizens of Will County and the participants of the judiciary system
in a timely and cost effective manner, providing all court records, information and services with

Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2018LM002394
Filed Date: 4/15/2021 4:25 PM
Envelope: 12967
Clerk: S

*axhibit E*

## IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY, ILLINOIS

SALEEM MOHAMMED

**Plaintiff**

vs

CASE NO: _____ 2018 LM 2394

KAREN COVINGTON, JOHN COVINGTON, st.al.

**Defendant**

## COURT ORDER

This matter coming to be heard on Plaintiff, Saleem Mohammed's, Motion for Extension of the Period of Enforcement of the Judgment and on Defendant, John Covington's, Motion to Dismiss the Plaintiff's Motion for Extension of Period of Enforcement of the Judgment, Defendant, John Covington, appearing via Zoom, and Frank J. Wesolowski, appearing on behalf of Saleem Mohammed, the court having considered the motions presented by the parties and hearing and considering the arguments made by the parties:

IT IS HEREBY ORDERED, that:

1. Defendants. Motion to Dismiss the Plaintiff's Motion for Extension of Period of Enforcement of the Judgment is denied.

   and 4/30/21 date stricken

2. Defendants oral motion to continue the hearing is denied.

3. Plaintiff's Motion for Extension of the Period of Enforcement of the Judgment is granted and the Agreed Eviction Order entered December 18, 2018 shall be enforceable up to and including July 15, 2021.

Attorney or Party, if not represented by Attorney
Name Frank J. Wesolowski
ARDC # 6184958
Firm Name Law Office of Frank J. Wesolowski PC
Attorney for Plaintiff
Address 4941 Forest Avenue
City & Zip Downers Grove, IL 60515
Telephone 630.234.0862

Dated: _____ April 15 _____, 20 21

Entered: _____ Judge

**ANDREA LYNN CHASTEEN, CLERK OF THE CIRCUIT COURT OF WILL COUNTY**

*This needs to be in its own envelope.*

## eFileIL Customer Checklist
**\*Utilize while electronically filing your documents**

☐ **New Case**          ☐ **Existing Case**
                        Case No. _2018 LM 002394_

**Category** _____

**Type** _____

☐ **Fee: $** _____

☒ **No Fee**     ☐ **Cash**     ☐ **Debit/Credit**     ☐ **Waiver**

**Paper Codes w/ Fees** (as it appears in Odyssey):

_Request_

**Optional Services Menu:**

_____

_____     _____

☐ **Corrections**          t (complete before scanning):

_Filing Code Request_

**Clerk's Initials:** _B_

**GOF 93** (Revised 07/21)

ODYSSEY
**eFileIL**

**Andrea Lynn Chasteen**
**Circuit Court Clerk**
12th Judicial Circuit Court
Will County, Illinois

E-~~~~ for Illinois Courts

*Mandat~*  *~r Civil Cases*

*Filing code:*
*Proposed*
*Order*

**On January** Court entered

**Order M.R.** e-filing of civil

cases in the II d Circuit Courts.

**The January** ~~~ filing through a

**single, centralized electronic** ~~~ **ager (EFM), called**

**eFileIL, mandated dates for the implementation of eFileIL,**

**and included integration with each court's case**

**management system.**

About Odyssey File & Serve: Illinois.tylerhost.net

Email Support: efiling.support@tylertech.com

Phone Support: (800) 297-5377

*ENVELOPE NUMBER:* _14305337_