**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN E. COVINGTON** ( | | |
| **Plaintiff,** ( | | |
| ( | | |
| **v** ( | **Case No. 1:22-cv-05083** | |
| **Andrea Lynn Chasteen** ( | **Hon. Steven C. Seeger** | |
| (individual capacity) ( | | |
| | | |
| **Krystal Swanberg** ( | | |
| (individual capacity) ( | | |
| **Will County Circuit Clerks Office** ( | **Jury Trial** | |
| Municipal Corp pratices, policy, customs ( | | |
| **Defendants** | | |

**FIRST AMENDED COMPLAINT**

**42 U.S.C. §1983**
**1st Amendment and**
**Fourteenth Amendment ("Due Process")clause**

Now Comes, John E. Covington as the plaintiff to enter in pro-se him complaining in a IV count

complaint in pursuit of 42 U.S.C. §1983 1st Amendment Access to Court and a 14th Amendment

("Due Process") clause and states as follows:

**1.**

**JURISDICTION**

This court has subject-matter jurisdiction over this lawsuit pursuant to Title ⁚ ⋅ U.S.C. § 1331,

commonly referred to as federal question jurisdiction. As plaintiff's complaint alleges claims

arising under the United States Constitution and federal statues, this court has subject-matter

jurisdiction to hear those claims. 8 Title 28 U.S.C. § 1331 states: "The district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

United States."

1

1.1 This court also has subject-matter jurisdiction to rule on plaintiffs' requests for declaratory and injunctive relief pursuant to Title 28 U.S.C. 2201(a)9 , which permits a federal court to declare the rights of a party so long as there exists an "actual controversy. Furthermore, pursuant to

## 2.

## PARTIES

**Plaintiff, John Covington** Black male and at all time during cause of action resided in Bolingbrook, Ill County of Will, located in Illinois.

**Defendant** : (Will County Employee: (individual capacity  ) **Krystal  Swanberg,**) Training Manager for Court Services, white female, plaintiff John Covington spoke with Ms. Swanberg at the counter of the Will County Clerk's  Office regarding filings made on June 23,202.

**Defendant: (Municipal Corp. Will County Circuit Clerk's Office)** by way through its agents or employees, Will County Circuit Clerks Office, Municipal Corp)): who's permitted and allowed by practices, policy or custom its employ individuals 100 s Jefferson st.  Joliet 60423.

**Defendant:( Andrea Lynn Chasteen**) individual capacity (Supervisor) and **(Clerk of the Court Will County Circuit Clerks** Office located at 100 s Jefferson st. Joliet, Ill 60432 for policies, customs or practice.

2

**3.**
**VENUE**

Venue is proper as the plaintiff's cause of actions and the defendants conduct both took place in

the County of Will and within the State of Illinois and the NORTHERN DISTRICT OF

ILLINOIS EASTERN DIVISION federal Court region.

**4.**
**Nature of Claim**

5.    The plaintiff s is pleading a 42 U.S.C 1983 complaint violation of  one in which:

Every person who, under color of any statute, ordinance, regulation, custom, or

usage, of any State or Territory or the District of Columbia, subjects, or causes to

be subjected, any citizen of the United States or other person within the

jurisdiction thereof to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the party injured in an

action at law, suit in equity, or other proper proceeding for redress, except that in

any action brought against a judicial officer for an act or omission taken in such

officer's judicial capacity, injunctive relief shall not be granted unless a declaratory

decree was violated or declaratory relief was unavailable.

5.1. The plaintiff 42. U.S.C 1983 claims is in conjunction with a  1st Amendment access

to retaliation access court.

6.    The plaintiff's, 42 U.S.C 1983 complaint is accompany by Fourteenth Amendment

("Due Process") of the Equal Protection clause located within the Fourteenth

Amendment of the U.S. Constitution for a cause of action for this complaint

## CASE STATMENT

7. The plaintiff, John E. Covington IS IN THE Pursuit of Readiness for an 1st Amendment
   42 U.S.C 1983 claim against the named defendants and for a 14th Amendment 42 U.S.C
   1983  Equal Protection (Due Process ) complaint against certain name defendants
   **Andrea Lynn Chasteen , (Krystal Swanbe and the Will County Circuit Clerks**
   **Office alleging that:**

8. That after the defendant John E. Covington won in defense of his first foreclosure mortgage
   complaint in the Twelfth Judicial Circuit Court of Will County Ill case no# 18- LM-0785
   <u>Saleem  Mohammed v  Karen Covington, John Covington</u> etal.

9. The Will County Circuit Clerks Office employees and its Head Official conspired in concert
   to deprive the plaintiff, John Covington of his Constitutional Rights in  the Following
   Twelfth Judicial Circuit Court of Will County Ill case no#  case 18 LM- 2394.

10. The  plaintiff John Covington  seeks Constitutional Rights asserted in accordance with his 1st
    Amendment 42 U.S.C 1983( Intentional discrimination (class of one)  claim because of the
    defendants retaliation   against the plaintiff for his freedom of expression by hindering his
    access to court and the adverse actions described in this complaint  as  follows .

4

11. Under the First Amendment, a citizen has the right [to free expression] [to petition the government] [to access the courts] [*other applicable right*].

12. The plaintiff John E. Covington is also seeking Readiness in a 14TH Amendment 42. US.C 1983 Equal Protection clause claim Equal Treatment in the refusal of services by (Will County Circuit Clerk Office ) by the way through its agents or employees, (Intentional discrimination (class of one).

13. The Courts have also recognized "class of one" claims. If an individual can show that he or she has been "singled out" for irrational or differential treatment by a Federal, state or local government entity or official, Section 1983 can be used in filing a "class of one claim." This occurred in "Olech v. Village of Willowbrook" .

14. The plaintiff John Covington has been singled out" for irrational or differential treatment by a state or local government entity or official, and subject to discrimination at the public facility name in this complaint as, (Will County Circuit Clerk Office ) by the way through its agents or employees, Will County Circuit Clerks Office, Municipal Corp)) Located in 100 s Jefferson st. Joliet, Illinois, County of Will.

15. The defendants (Will County Circuit Clerk Office ) by the way through its agents or employees, Intentionally sent Hateful Speech through the U.S. Mail from the Clerk's office which authorized the court order containing the word (KLAN) as a sign off on three different occasions  to the plaintiff, John Covington.(doc 1,2)

5

16. That the mailed order containing (KLAN) were in retaliation for winning his first case no# 18-LM-0785.

17. That the (KLAN) LETTER defendants sent were from the (Will County Circuit Clerk Office ) by the way through its agents or employees, were an True Threat that was an intimidating factor that hindered the plaintiff from pursuing A NORMAL Access into Court and defending his case no# 18 LM- 2934 in the Twelfth Judicial Circuit Court of Will County Ill.

18. That the letters sent that contained (KLAN) were intentionally sent in retailing for the plaintiff winning his first case located and administrated by the Will County Circuit Clerk Office) by way through its agents or employees,

19. The **Defendant:( Andrea Lynn Chasteen)** individual capacity (Supervisor) and **(Clerk of the Court Will County Circuit Clerks knew of the Hateful Speech and Threats but did nothing about them on 7/28/2021 and on 3-25/2022 .**

20. The defendant (Clerk of the Court Will County Circuit Clerks Office actions are apparently approved by the(KLAN ) as written is depriving and discriminatory acts that deprives the plaintiff his Constitutional Rights that are secured in 1st Amendment 14 Amendment .

21. The defendants' actions at the Will County Circuit Clerk Office) by way through its agents or employees, have been Ill Will, hateful, intentional spiteful and based in discrimination in 42 U.S.C 1983 and were intentional conspired to hinder the plaintiff, John Covington of his access to court.

22. The defendants, (State Actors)Will County Circuit Clerk Office) by way through its agents or employees, were a motivating factor in denying the plaintiff, John Covington of his1st Amendment Rights by Retaliation for exercising his freedom of expression in accessing the court by way of an intimidating factor in knowing sending hateful such, as (KLAN) letters of endorsement.

23. The defendants, by way through its agents or employees, "Illinois Will County's Circuit Court Office intent was on depriving the plaintiff of his Rights secured in the U.S. Constitutional in the 1st AND 14Amendments in pursuit of 42 U.S.C. 1983.

24. The defendants (State Actors) Will County Circuit Clerk Office) by way through its agents or employees actions are apparently approved by the(KLAN ) as written is A (class of one discriminatory act that deprives the plaintiff rights that are secured in 1st and 14th Amendment.

25. Defendant's Will County Circuit Clerk Office) by way through its agents or employees, conduct as alleged above has caused the plaintiff John Covington depression, sleepless nights, upset stomach, and other significant emotional harm distinct from the inherent stress of the normal court process.

26. The plaintiff, John Covington has also not been allowed due process as other individuals, both process and procedural in events on 07-23-2022 as the plaintiff was refused access to the court and denied services and equal treatment as other individuals within the regular access to court process.

27. That on 07/23/2021 defendant and Will County circuit Clerk employee **Krystal Swanberg** ( individual capacity) Intentionally refused  service and  access to court AS SHE intentionally refused to accept any documents for E-filing from the plaintiff John Covington in retaliation for winning case# 18-LM- 0785.

28. The defendant and Will County circuit clerk employee Krystal Swanberg action were intentional and basis on her hatred and spitefulness by refusing and denying the plaintiff, John Covington  the filing of his E-filing envelopes.

29. (State Actors) **Krystal Swanberg actions** were a motivating factor in denying the plaintiff, John Covington of his 1st Amendment Rights by Retaliation for exercising his freedom of expression in access to court by way of an intimidating factor in knowingly Intentionally REFUSING service and access to court by rejecting and denying the plaintiff, John Covington the filing of his E-filing envelopes on 07/23/2021.

30. Defendant's conduct as alleged above caused the plaintiff, John Covington depression sleepless nights, upset stomach, and other significant emotional harm distinct from the inherent stress of the normal court process.

31. The defendant Will County Circuit Clerks Office Municipal Corp, practices, policy, or customs were a motivating factor in denying the plaintiff, John Covington of his 1st Amendment Rights by Retaliation for exercising his freedom of expression in accessing the court by way of an intimidating factor in knowing sending hateful such, as (KLAN) letters of endorsement. A county may be held liable under Section 1983 only when the county itself causes a constitutional deprivation. See Monell v. Dept. of Soc. Servs. of City of New York, 436 U.S. 658, 691 (1978). To properly plead county liability under Section 1983, a plaintiff must allege three elements: (1) a policymaker; (2) an official policy or custom; and (3) a violation of a constitutional right who moving force is the policy or custom. See Pena v. City of Rio Grande City, 879 F.3d 613, 621 (5th Cir. 2018); Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).

32. (In the plaintiff's such cases, the first and second elements of the Section 1983 analysis essentially merge because "if a municipal official engages in isolated unconstitutional conduct, and if that official has 'final policymaking authority to establish municipal policy with respect to the conduct that resulted in a violation of constitutional rights,' then that isolated unconstitutional conduct will be considered an official municipal policy for purposes of section 1983 municipal liability." Ezell v. Wells, No. 2:15-CV00083-J, 2015 WL 4191751, at *16 (N.D. Tex. July 10, 2015) (quoting Brown, 67 F.3d at 1182).

33. Defendant's conduct as alleged above caused the plaintiff, John Covington depression sleepless nights, upset stomach, and other significant emotional harm distinct from the inherent stress of the normal court process.

### Factual Allegations

34. This complaint allegations are based upon events court records and personal knowledge along with evidence gathered during the cause of actions of this 42 US.C. 1983 and 1st and 14 Amendments complaint and the personal conduct and acts and beliefs of others.

35. That the plaintiff: John E. Covington has received Administrative Review and a Right to Sue letter from the Illinois Department of Human Rights in charge no#2022CP0221 and set a Sept. 19-2022 as an end filing date as the as the plaintiff: received the right to sue-letter on June 19/2022 and given 90 days to file suite after receiving.

36.   The Illinois Department of Human Rights charge no#2022CP0221 finding were that it Lack of Evidence to proceed based up self- imposed immunity of State Statutes.

37.   That on 11/08/2022 the UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION court entered an order in the case as mentioned in the above allowed the plaintiff to Amend his Complaint :*Maybe there is more to the story, so the Court grants Plaintiff leave to amend. The complaint is dismissed. Any amended complaint is due by November 28, 2022.*

38.   That all of the plaintiff: John E. Covington causes of action originated from the State of Illinois ,Will County Circuit Clerk's Office and Clerk of the Court and its official employees.

39.   That the plaintiff : John E. Covington a Black male, that has been intentionally intimidated refused the full and equal enjoyment of the defendants' both with hindered his assess to court because the Will County Circuit Clerk's Office public facility has not treated other individuals in this matter..

40.   That the plaintiff : John E. Covington a has not been allowed access to court or due process as other individuals, both process and procedural that he was refused access to court and the services at the defendants' Will County Circuit Clerk's Office public facility.

41.  That all of the defendants are (STATE ACTORS) are located at the Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees that are mentioned in this complaint.

42.  That the defendant Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees printed and mailed court ordered documents with the word (KLAN) signing off on three separate occurrences to the Mr. Covington on or about 1-11/21 and in June/03/2021 and on 05/17/22 to his home in Bolingbrook, Illinois.

43.  That the defendant Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees t) are the Official Court Record Keeper and Will County Court Scheduler that commences court action in Will County for the State of Illinois.

44.  That the plaintiff : John Covington events surrounding his denial to the court has been set at the defendant's facility of his litigation in two different State of Illinois Will County cases during case no# 18-LM-0785 and 18-LM-2394 Mohammed v . Covington etal.

45.  That after the plaintiff: John Covington received the judgment in case 18-LM-0785 a Foreclosure Mortgage Possession case the Clerks at the Will County Circuit Clerks office became spiteful hateful, vindictive and retaliatory towards the plaintiff court filing and at the Circuit Court Clerk's Office E-filing system located within the Clerk office stations.

46. That the Will County Circuit Court Clerk office actions by and through its agents or employees were vindictive and retaliatory and discrimination and were led by **Defendant: (Will** County Employee: Individual capacity ) **Krystal   Swanberg,)** Training   Manager for   Court   Services,   white   female.

47. That defendant Will County Circuit Court Clerks ' office by and through its agents or employees worked in concert to conspire and deprive the plaintiff John Covington of  his Civil Rights in **42 U.S.C. §1983 and the 1ˢᵗ and Fourteenth Amendment Equal Protection ("Due Process")** clause .

48. That the Will County Circuit Court Clerk's office by and through its agents or employees action have been Oppression, Ill Will, intentional and" spiteful"  to get back at the plaintiff and was done for no objective reason and  served no useful purpose and was caused for no reason other than a baseless hatred for him.

49. That on  or about 1-11/21 and in June/07/2021 and on 05/17/22,I John E. Covington  was subjected to the refusal of services and the full and equal enjoyment of  Will County Circuit Clerk's Office , due  to  (class of one) intentionally   discriminating  factors of behaviors   from employees  by the mailing of the (KLAN ) documents that harassed and intimidated the plaintiff  and send to hinder  the plaintiff  access to court.

50.  That on or about 1-11/21 and in June/07/2021 and on 05/17/22, John E. Covington was
     subjected to Racially Hateful Speech in the form of a court order mailing that originated
     directly from the Will County Circuit Clerks Office with the word(KLAN) signing off.


51.  That the defendant Will County Circuit Clerks office sent mail the contain the
     word(KLAN) on three septate occasions and Despite the plaintiff John Covington
     request for the Will County Circuit Clerks Office to STOP it kept on writing and sending
     that mail. Thus, confirming that defendant was intent on violating Mr. Covington
     1st Amendment and 14 Amendment Rights.


### COUNT 1.

### Complaint 42 U.S.C. 1983

### 1st Amendment Access to Court


Cause of Action

1.  constitutional rights were violated,

2.  That the violation was caused by a person acting under color of law.

Defendant:( Andrea Lynn Chasteen individual capacity)
(white female.)
(Clerk of the Court Will County Circuit Clerks Office

*Plaintiff fully incorporates the allegations above 1-51 by reference*

52.  That the Defendant:( Andrea Lynn Chasteen (individual capacity) (Clerk of the Court
     WillCounty Circuit Clerks Office Knew about the (KLAN) mailing sent to the plaintiff, John
     Covington.

14

1st Amendment

53. Any government official sued in his or her individual capacity is liable "only if he [or she] personally caused or participated in a constitutional deprivation." *Milchtein v. Milwaukee Cnty.*, 42 F.4th 814, 824 (7th Cir. 2022) (internal quotations and citation omitted). This means a plaintiff cannot rely on a theory of respondent superior to hold a supervisor liable; instead, the plaintiff must show that the supervisor—through his or her own conduct— violated the plaintiff's rights. *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 619 (7th Cir. 27.

54. F]or a supervisor to be liable for the allegedly wrongful conduct of **[*19]** others, he [or she] must both (1) 'know about the conduct' and (2) facilitate, approve, condone, or turn a blind eye toward it." *Gonzalez v. McHenry Cnty., Ill.*, 40 F.4th 824, 828 (7th Cir. 2022) (quoting *Kemp v. Fulton Cnty.*, 27 F.4th 491, 498 (7th Cir. 2022)).

55. Under the First Amendment, a citizen has the right [to free expression] [to petition the government] [to access the courts] [*other applicable right*].  To establish the defendant deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

     1.    the plaintiff was engaged in a constitutionally protected activity;

     2.    the defendant's actions against the plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity; and

    **3.**    the plaintiff's protected activity was a substantial or motivating factor in the defendant's conduct.

15

56.     [The plaintiff's [speech in this case is about [*Access to Court* that is protected under the First Amendment and, therefore, the first element requires no proof.]

57.     A substantial or motivating factor were the TRUE THREAT in the defendant Hateful Speech *KLAN* letters and Threats directed at the plaintiff is a significant factor, and the defendant's actions against the plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity or going to court; and though not necessarily the only factor that denied the plaintiff John Covington his normal access to court.

58.     Defendant's conduct as alleged above is a "true threats" that would be interpreted by one receiving communication as serious expression of intent to harm or assault. Bauer v. Sampson, 261 F.3d 775, 2001 Cal. Daily Op. Service 7052, 2001 D.A.R. 8703, 81 Empl. Prac. Dec. (CCH) ¶ 40849, 17 I.E.R. Cas. (BNA) 1514, 145 Lab. Cas. (CCH) ¶ 59435,

59.     That the (KLAN) letters were a True Threat of intimidation and that they hindered the plaintiff, John Covington in pursuit of legal claim..

61.     The plaintiff, John Covington's 1983 claim 'plead[s] that [a] Defendant:( Andrea Lynn Chasteen( individual capacity) (Clerk of the Court Will County Circuit Clerks Office, through her official's own individual actions, has violated the Constitution in the 1st Amendment ." *Milchtein*, 42 F.4th at 824 (quoting *Iqbal*, 556 U.S. at 676).

62. Thus, she the supervisory ... official is personally liable under § 1983 ' because her conduct causing the constitutional deprivation occurs at the official's direction or with his or her knowledge and consent." Riley El v. Pritzker, No. 19 C 02002, 2022 U.S. Dist. LEXIS 169077, 2022 WL 4329030, at *2 (N.D. Ill. Sept. 19, 2022) (quoting *Williams v. Shah*, 927 F.3d 476, 482 (7th Cir. 2019)). This means the official must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye ...." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (quotation marks and citation omitted). E. D. v. Noblesville Sch. Dist., 2022 U.S. Dist. LEXIS 179762, *22, 2022 WL 4599119 (S.D. Ind. September 30, 2022)

63. Plaintiff may state claim for denial of access to courts only if defendant's actions hindered plaintiff in pursuit of legal claim, and plaintiff claim had cause of action. Posr v. Court Officer Shield 207, 180 F.3d 409, 1999 U.S. App. LEXIS 11936 (2d Cir. 1999). USCS Const. Amend. 1.

64. Section 1983 imposes liability on any "person" who, while acting under color of state law, violates an individual's federally protected rights. In advancing such a claim, a plaintiff may sue a defendant in either his individual or official capacity. Individual-capacity claims "seek to impose individual liability upon a government officer for actions taken under color of state law," *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991), whereas official-capacity claims seek to impose liability on the governmental entity for whom the officer works, *Brandon v. Holt*, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985).

**Klan:** noun ˈklan plural Klans often attributive

: KU KLUX KLAN

also: a subordinate unit of the Ku Klux Klan

**Merriam-Webster.com Dictionary, Merriam-Webster**

65.  That on or about 11-11-21 the plaintiff: John E. Covington received an official court /minute/order containing the word **(KLAN)** at the bottom on the order under Defendant:( Andrea Lynn Chasteen) (Clerk of the Court of Will County Circuit Clerks Office name asserting her personal involvement authority authentication and approval of the writing of the judicial order given by the judge.

66.  That on or about 06-03-21 the plaintiff John E. Covington received an official court /minute/order containing the word **(KLAN)** at the bottom on the order under Defendant:( Andrea Lynn Chasteen) (Clerk of the Court of Will County Circuit Clerks Office, name asserting her personal involvement responsible of the writing of the judicial order given by the judge.

67.  That on or about 05-17-22 the plaintiff John E. Covington  received an official court /minute/order the word containing **(KLAN)** in the bottom on the order where the personal responsible for the order directly under name of Defendant:( Andrea Lynn Chasteen) (Clerk of the Court of Will County Circuit Clerks Office, name asserting the personal responsible of the writing of the judicial order given by the judge.

68. That the writings approval and mailing (KLAN) mail has violated the plaintiff, John Covington 1st Amendment as and Hateful Speech documents were approved by defendant:( Andrea Lynn Chasteen) (Clerk of the Court of Will County Circuit Clerks Office, name asserting the personal responsible of the writing of the judicial documents.

69. That the defendant :( Andrea Lynn Chasteen) (Clerk of the Court of Will County Circuit Clerks Office, Will County Circuit Court Clerk Andrea Lynn Chasteen) knew about the (KLAN)letters and failed to train her employee and other officials that official fails to properly train, supervise, direct or control actions of subordinate who causes his injury. Pearl v. Dobbs, 649 F.2d 608, 1981 U.S. App. LEXIS 12942 (8th Cir. 1981).

70. The Will County Circuit Court Clerk's office official head Defendant:( Andrea Lynn Chasteen) has control over the custom, procedure or practices that allow its clerks to use personal login initial to label official court documents with 4 letter words that are Hateful Speech towards the plaintiff who is Black, John Covington and such as, (KLAN).

71. That Defendant:( Andrea Lynn Chasteen individual capacity ) (Clerk of the Court of Will County Circuit Clerks Office had actual notice of the offensive language and use of (KLAN) as a way of sending office approval orders in Illinois Department of Human Rights in charge no#2022CP0221,.

72. That the plaintiff John Covington wanted and ask to be free from discrimination in the hateful speech and threats from the defendant a white female (Andrea Lynn Chasteen) . But the hate mail and the intentional discriminatory orders kept coming in the mail despite his request for it to stop.

73. That Defendant:( Andrea Lynn Chasteen) (Clerk of the Court of Will County Circuit Clerks Office official had actual and constructive notice of unconstitutional practices and demonstrated gross negligence or deliberate indifference by failing to act. As in Neris v. Vivoni, 249 F. Supp. 2d 146, 2003 U.S. Dist. LEXIS 3620 (D.P.R. 2003).

74. That Defendant:( Andrea Lynn Chasteen for no reason other than a baseless hatred, then she denies that John Covington  the equal protection of the laws.Olech v. Village of Willowbrook, 160 F.3d 386, 388, 1998 U.S. App. LEXIS 28387, *6 (7th Cir. Ill. November 12, 1998).

75. Defendant( Andrea Lynn Chasteen knew of her subordinate's misconduct and facilitate it approve, and condone, it and  then turned a blind eye toward it. Gentry v. Duckworth, 65 F.3d 555 (7th Cir. 1995).

76. That Defendant( Andrea Lynn Chasteen is the approximate cause that denied the plaintiff 1st Amendments rights and to Liberty protected by due process clause of Fourteenth Amendment of  U.S Constitution Equal Protection ("Due Process") clause for not allowing equal treatment to the plaintiff and unlawfully interfered with his protected liberty by failing to provide adequate procedural safeguards, to stop the deprivation of liberty to Mr. Covington.

77. That defendant( Andrea Lynn Chasteen has personal involvement, as supervisory liability under 42 USCS § 1983, that she had actual or constructive notice of unconstitutional practices and demonstrates gross negligence or deliberate indifference by failing to act. Neris v. Vivoni, 249 F. Supp. 2d 146, 2003 U.S. Dist. LEXIS 3620 (D.P.R. 2003).

78. That defendant:( Andrea Lynn Chasteen by putting her name on every document of deprivation sent to the plaintiff allows for vicarious liability to be imposed on basis of state law without personal involvement. <u>Navarette v. Enomoto</u>, 536 F.2d 277, 1976 U.S. App. LEXIS 12940 (9th Cir. 1976),

79. That defendant, Andrea Lynn Chasteen  is an officer who is present and fails to intervene to prevent other law enforcement officers from violating a person's constitutional rights is liable under Section 1983.  <u>Byrd v. Brishke,</u> 466 F.2d 6 (7th Cir. 1972) (an officer who knows about the unlawful conduct and has a realistic opportunity to intervene and prevent harm from occurring is liable).

80. That the defendant:( Andrea Lynn Chasteen individual capacity) (Clerk of the Court Will County Circuit Clerks Office, as complained herein, deprives Plaintiffs of the right to access to court in pursuit of Liberty in the Fourteenth Amendment (due process ) clause of the United States Constitution.

81. As described above, Defendant Andrea Lynn Chasteen has breached her duty not to discriminate and treat each patron equal and therefore, denying Mr. Covington his due process to liberty and equal access to the court.

82.  The Defendant Andrea Lynn Chasteen actions were performed under color of state law, and violated Mr. Covington's 1st Amendment access to court and due process rights under the Fourteenth Amendment to the United States Constitution,

83. As a direct and proximate result of Defendant Andrea Lynn Chasteen actions, Mr. Covington was not provided with the same level of protection from discrimination as other patrons and has suffered damages as a result.

84. That the conduct of defendant Andrea Lynn Chasteen was willful and exhibited a flagrant disregard for Mr. Covington's federally secured rights. Accordingly, this defendant is liable to the plaintiff under 42 U.S.C. ' 1983.

85. That the defendant, Andrea Lynn Chasteen under the "color of law," caused to be subjected, and is likely to continue subjecting Plaintiffs, to Hatful Speech and threating through the mail and order of the court from State of Illinois Circuit Court officials caused the deprivation of rights, privileges, or immunities secured by the U.S. Constitution including the 1st Amendment and Equal Protection (Due –Process) clause of Fourteenth Amendments.

86. That defendant:( Andrea Lynn Chasteen individual capacity) (Clerk of the Court Will County Circuit Clerks Office, promulgated, created, implemented or possessed responsibility for continued operation of policy that (2) caused complained of constitutional harm, and (3) acted with state of mind required to establish alleged constitutional as deprivation as in Dodds v. Richardson, 614 F.3d 1185, 2010 U.S. App.

87. That no reasonable person acting as Clerk of the Court would assume that (KLAN) sent to the plaintiff/ black person that it would not "Shocks conscience" and deny him his "fundamental liberty to be able to be free from discrimination by a public facility.

88. The actions of the defendant Andrea Lynn Chasteen in her individual capacity has been Oppression, Ill Will, intentional and" spiteful" to get back at the plaintiff and was done for no objective reason and served no useful purpose and was asserted for no reason other than a baseless hatred for him.

89. The Fourteenth Amendment contains a number of important concepts, most famously state action, privileges & immunities, citizenship, due process, and equal protection.

90. The plaintiff's John Covington Due process claim may be asserted as claim of denial of either procedural or substantive due process or both; procedural due process claim alleges that state has unlawfully interfered with protected liberty of property interest by failing to provide adequate procedural safeguards, and claim focuses on procedures used by state in effecting deprivation of liberty or property; substantive due process claim alleges not that state's procedures are deficient, but that state's conduct is inherently impermissible, regardless of any protected or remedial procedures. Ramos v. Gallo, 596 F. Supp. 833, 1984 U.S. Dist. LEXIS 22499 (D. Mass. 1984).

91. In Esmail v. Macrane, 53 F.3d 176 (7th Cir. 1995), held that the equal protection clause provides a remedy when "a powerful public official picked on a person out of sheer vindictiveness. " Id. at 178. Although the clause is more commonly invoked on behalf of a person who either belongs to a vulnerable minority or is harmed by anirrational difference in treatment, it can also be invoked, See also Indiana State Teachers Ass'n v. Board of School. Commissioners, 101 F.3d 1179, 1181-82 (7th Cir. 1996);

23

92. Defendant's Andrea Lynn Chasteen conduct as alleged above has caused the plaintiff,

John Covington depression sleepless nights, upset stomach, and other significant

emotional harm distinct from the inherent stress of the normal court process.

**COUNT II**

**Complaint 42 U.S.C. 1983**

**1st Amendment**

**Cause of Action**

**1.** constitutional rights were violated,

**2.**that the violation was caused by a person acting under color of law

Defendant : (Will County Employee: (individual capacity )
white  female.
**Krystal   Swanberg,)**

*Plaintiff incorporates the allegations above 1-55 by reference*

.        1st Amendment

**Krystal   Swanberg**

Cause of Action

93.    Under the First Amendment, a citizen has the right [to free expression] [to petition the

government] [to access the courts] [other applicable right].  To establish the defendant

deprived the plaintiff of this First Amendment right, the plaintiff must prove the

following additional elements by a preponderance of the evidence:

93.1.    the plaintiff was engaged in a constitutionally protected activity;

93.2.    the defendant's Krystal   Swanberg actions OF REFUSING to accept  the plaintiff E-

FILING fee waiver documents and access to court  would chill a person of ordinary

firmness from continuing to engage in the protected activity.

24

93.3.     the plaintiff's protected court action activity was a substantial or motivating factor in the defendant's conduct.

94.     [The plaintiff's [speech in this case is about [Access to Court that is protected under the First Amendment and, therefore, the first element requires no proof.]

95.     A substantial or motivating factor were the refusal to accept the plaintiff John Covington court filings would chill a person of ordinary firmness from continuing to engage in the protected activity or going to court; and though not necessarily the only factor that denied the plaintiff John Covington his normal access to court.

96.     That on 07/23/2021 defendant and Will County circuit Court employee Krystal Swanberg ( individual capacity) Intentionally refused service and access to court by refusing to accept and rejecting and the plaintiff, John Covington filing of his E-filing envelopes.

97.     (State Actors)Will County Circuit Clerk Office) by way through its agents or employees, were a motivating factor in refusing the plaintiff, John Covington filing into court and violation of his1st Amendment Rights by Retaliation for exercising his freedom of expression in access to court by way of an intimidating factor in knowing sending hateful speech such, as (KLAN) letters.

98. The defendant Krystal Swanberg endorsement and Intentionally refused the plaintiff John Covington service and access to court by REFUSING TO ACCEPT and then rejecting the filing of his E-filing envelopes on 07/23/2021.

99.   Defendant's conduct as alleged above is a"true threats" that would be interpreted by one receiving communication as serious expression of intent to harm or assault. Bauer v. Sampson, 261 F.3d 775, 2001 Cal. Daily Op. Service 7052, 2001 D.A.R. 8703, 81 Empl. Prac. Dec. (CCH) ¶ 40849, 17 I.E.R. Cas. (BNA) 1514, 145 Lab. Cas. (CCH) ¶ 59435, 2001 U.S. App. LEXIS 18373 (9th Cir.), amended, 2001 Cal. Daily Op. Service 8841, 2001 D.A.R. 10991, 17 I.E.R. Cas. (BNA) 1884, 2001 U.S. App. LEXIS 22362 (9th Cir. 2001).

100.   The defendant Krystal  Swanberg actions has caused the plaintiff,  John Covington intimidation, defamation, intentional infliction of emotional distress depression sleepless nights, upset stomach, and other significant emotional harm distinct from the inherent stress of the normal court process

101.   That on July 23,2021, the plaintiff John Covington  was subjected to the denial of the full and equal enjoyment of  Will County Circuit Court  facility,  due  to  intentional discriminating  actions and behaviors  from  defendant **Krystal  Swanberg** that  were meant  to  stop  Mr. Covington  from filing required documents for defending  his case in  at the  Will County Circuit Court  office  facility. refused to accept any documents for filing on the basis on her hatred and spitefulness toward the plaintiff.

Action of event

102.  On July 19,2021 and July 23, 2021, the plaintiff filed a fee waiver document online which the Will County Clerks' rejected citing filing errors. So on July 23, 2021, plaintiff, John Covington went into Defendant's **Krystal Swanberg** facility in person to fill out the require documents in order to avoid the errors he had supposedly caused.

103.  Upon entering the lobby the plaintiff John Covington requested assistance from the e-filing clerk with the filing of documents, (a "Will County Circuit Court e-file lobby clerk".) And after the e-file lobby clerk took all of the plaintiff's documents that he had, the employee entered all of them into the e-filing system and plaintiff Mr. Covington proceeded to the Will County Circuit Court Clerks window for acceptance from the clerks' office.

104.  That soon after stepping up to the Will County Circuit Court clerks window the plaintiff John Covington requested a supervisor because he had not been allowed to file the documents on 2 separate occasions at home and 1 before at the Will County Circuit Court clerks window because the distance from Bolingbrook, Ill to Joliet, Ill is about 50 miles round trip.

105.  Thereafter, the supervisor arrived at the window, who was defendant (Will County Employee:white female. Krystal Swanberg,) who then denied the "Will County Circuit Court e-file lobby clerk" filing and produced her own e-file envelope 14305337 and two other envelopes for the plaintiff John Covington and the e-file lobby clerk" to submit for filing.

106.   After the direction of defendant Krystal   Swanberg the e-filing lobby clerk and the
       plaintiff John Covington return to the e-filing station for submission of the envelopes that
       the defendant Krystal   Swanberg had prepared for filing for the e-file lobby clerk and the
       plaintiff John Covington . (doc 3,4)

107.   Thereafter, the plaintiff John Covington and the  e-filing lobby clerk filed the documents
       into the e-file system and the plaintiff  John Covington drove back to Bolingbrook, Ill 25
       miles and encountered   a fractured wrist from hitting a pothole on the road on the way
       home from the Will County Circuit Clerks office cause by the defendant  Krystal
       Swanberg  action.

108.   That upon reaching home the plaintiff had learned that the filing that the defendant,
       Krystal   Swanberg  had prepared and authorized by Krystal   Swanberg was rejected or
       denied for( **"per  conversation  at  counter.**) the defendant refused   to accept any
       documents for filing on the basis on her hatred of the plaintiff John Covington.

109.   That the defendant actions Krystal   Swanberg  hindered plaintiff John Covington in
       pursuit of legal claim, and may state claim for denial of access to courts only if
       defendant's actions hindered plaintiff in pursuit of legal claim, and plaintiff  claim had
       cause of action. Posr v. Court Officer Shield 207, 180 F.3d 409, 1999 U.S. App. LEXIS
       11936 (2d Cir. 1999)

110. That in actuality the defendant, Krystal   Swanberg  rejected her own prepared e-filing envelopes that she prepared  for the e-filing lobby clerk  and refused to file any documents for the plaintiff John Covington  certainly, denying the plaintiff his rights secured in 1st and 14  Amendments Equal Protection ("Due Process") clause.

111. The defendant Krystal   Swanberg,) refuse to file plaintiff's John Covington filing for( "per  conversation  at  counter.) however, there was never a conversation that would have allowed her to refuse the plaintiff filing, simply because she gave Mr. Covington and the e-file lobby clerk the file to file in the first place, contradicting her own action and rejecting her own e-filing  envelope THAT SHE HAD PREPARED in order to stop the plaintiff access into a court of law.

112. That the defendant Krystal   Swanberg,) refusal to file the plaintiff fee waiver and court documents  were actions that  hindered the plaintiff in pursuit of legal claim

113. The defendant action denied the plaintiff of the full and equal enjoyment of  Will County Circuit Court Clerk's office  facility,  due  to  the  intentional   discriminating behaviors  and actions from **Krystal  Swanberg** that  were  in retaliation  and meant  to stop  Mr. Covington  access into court .

114. That the plaintiff John Covington a black male, wanted and  ask to be free from discriminatory because of his race at the public facility name in this complaint as, (Will County Circuit Clerk Office ) by the way through its agents or employees, Will County Circuit Clerks Office, Municipal Corp but was refused his request on or about 7-23-21 to file any court documents at the defendant's **Krystal   Swanberg** facility .

115. That defendant **Krystal Swanberg** actions towards the plainntiff have been Oppression, Ill Will, intentional and" spiteful" to get back at the plaintiff and was done in retaliation and for no other objective reason and served no useful purpose and was asserted for no reason other than a baseless hatred for him.

116. That the defendant Krystal Swanberg deprived the plaintiff of his rights secured by the 14 Amendment (Due-process) of the equal protection clause of the U.S. Constitution as in Reid v. Sandy, 2022 U.S. Dist. LEXIS 55816, *15-16, 2022 WL 898720 (N.D. W. Va.

117. That the defendant Krystal Swanberg actions violates the Due Process Clause because government employee acting within scope of his employment to commit reckless act that by gratuitously endangering person results in injury to that person. Slade v. Bd. of Sch. Dirs. of Milwaukee, 702 F.3d 1027, 2012 U.S. App. LEXIS 26433 (7th Cir. 2012.

118. The Defendant:( **Krystal Swanberg** individual capacity) (Clerk of the Will County Circuit Clerks Office, as complained herein, deprives Plaintiffs John Covington equal protection(due-process) under the Fourteenth Amendment of the United States Constitution. .

119. The Defendant, **Krystal Swanberg** under the "color of law," subjected, caused to be subjected, and is likely to continue subjecting Plaintiffs, to no access into court from the Will County State of Illinois Circuit Clerks office and has caused the deprivation of

120. rights, privileges, or immunities secured by the U.S. Constitution 4'Amendmentincluding the Equal Protection (Due –Process) clause of Fourteenth Amendments.

121. That Defendant:( **Krystal Swanberg**) (Clerk of the Court Will County Circuit Clerks Office,. is the approximate cause that denied the plaintiff his rights to Liberty protected by due process clause of Fourteenth Amendment of U.S Constitution Equal Protection ("Due Process") .

122.. As described above, Defendant Krystal Swanberg delayed the forwarding of the plaintiff John Covington liberties to defend his legal claim and access into court and repeatedly refused Mr. Covington access to the court and exhibited a completely indifferent attitude towards the plaintiff John Covington legitimate court filings.

123. That defendant **Krystal Swanberg** actions were performed under color of state law, and violated Mr. Covington's due process rights under the Fourteenth Amendment to the United States Constitution, as well as his rights under 42 U.S.C 1983

124. As a direct and proximate result of defendant **Krystal Swanberg** actions, Mr. Covington was unable to pursue his legal rights, including certain lawsuits to defend his-property, and has suffered damages as a result.

125. That the conduct of defendant **Krystal Swanberg** was willful and exhibited a flagrant disregard for Mr. Covington federally secured rights. Accordingly, this defendant **Krystal Swanberg** is liable t Mr. Covington under 42 U.S.C. ' 1983.

126. That the defendant **Krystal Swanberg** under the "color of law," subjected, caused to be subjected, and is likely to continue subjecting Plaintiffs, to Offensive and threating mail and order of the court from State of Illinois Circuit Court officials caused the deprivation of rights, privileges, or immunities secured by the U.S. Constitution including the Equal Protection (Due –Process) clause of Fourteenth Amendments.

31

127. That defendant:( **Krystal   Swanberg** (Clerk of the Court Will County Circuit Clerks Office,. is the approximate cause that denied the plaintiff his rights to Liberty protected by due process clause of Fourteenth Amendment of U.S Constitution Equal Protection ("Due Process") .

128. That the defendant **Krystal   Swanberg** actions were performed under color of state law, and violated Mr. Covington's due process rights under the 1st and Fourteenth Amendment to the United States Constitution.

129. The conduct of the defendant **Krystal   Swanberg** was willful and exhibited a flagrant disregard for Mr. Covington federally secured rights.  Accordingly, this defendant is liable the plaintiff John  Covington under 42 U.S.C. ' 1983.

130. Defendant's **Krystal   Swanberg** conduct as alleged above has caused the plaintiff,  John Covington depression sleepless nights, upset stomach, and other significant emotional harm distinct from the inherent stress of the normal court process.

**COUNT III**

**42 U.S.C. 1983**

**1st Amendment 14th Amendment**

**Will County Circuit Clerks Office**
Municipal Corp Defendant

*Plaintiff incorporates the allegations above 1-55 by reference*

131. Under the First Amendment, a citizen has the right [to free expression] [to petition the government] [to access the courts] [*other applicable right*].  To establish the defendant deprived the plaintiff of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1.     the plaintiff was engaged in a constitutionally protected activity access to court;

**2.** the defendant's actions against the plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity; and

3.     the plaintiff's protected activity was a substantial or motivating factor in the defendant's conduct.

132.     [The plaintiff's [speech in this case is about [*Access to Court* that is protected under the First Amendment and, therefore, the first element requires no proof.]

133.     A substantial or motivating factor were the TRUE THREAT in the defendant Hateful Speech *KLAN* letters and Threats directed at the plaintiff is a significant factor, and the defendant's actions against the plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity or going to court; and though not necessarily the only factor that denied the plaintiff John Covington his normal access to court.

134.     Defendant's conduct as alleged above is a "true threats" that would be interpreted by one receiving communication as serious expression of intent to harm or assault. Bauer v. Sampson, 261 F.3d 775, 2001 Cal. Daily Op. Service 7052, 2001 D.A.R. 8703, 81 Empl. Prac. Dec. (CCH) ¶ 40849, 17 I.E.R. Cas. (BNA) 1514, 145 Lab. Cas. (CCH) ¶ 59435,

135. That the (KLAN) letters were a True Threat of intimidation and that they hindered the plaintiff, John Covington in pursuit of legal claim .

136. The Defendant, **Will County Circuit Clerks Office** Municipal Corp under the "color of law," subjected, caused to be subjected, and is likely to continue subjecting Plaintiffs, to no access into court from the Will County State of Illinois Circuit Clerks office and has caused the deprivation of rights, privileges, or immunities secured by the U.S. Constitution 4'Amendmentincluding the Equal Protection (Due –Process) clause of Fourteenth Amendments.

121. That Defendant:( **Will County Circuit Clerks Office** Municipal Corp. (Clerk of the Court Will County Circuit Clerks Office,. is the approximate cause that denied the plaintiff his rights to Liberty protected by due process clause of Fourteenth Amendment of U.S Constitution Equal Protection ("Due Process") .

122.. As described above, Defendant Will County Circuit Clerks office delayed the forwarding of the plaintiff John Covington liberties to defend his legal claim and access into court and repeatedly refused Mr. Covington access to the court and exhibited a completely indifferent attitude towards the plaintiff John Covington legitimate court filings.

123. That defendant Defendant Will County Circuit Clerks office actions were performed under color of state law, and violated Mr. Covington's due process rights under the Fourteenth Amendment to the United States Constitution, as well as his rights under 42 U.S.C 1983

124. As a direct and proximate result of defendant Will County Circuit Clerks office actions, Mr. Covington was hindered to pursue his legal rights, including certain lawsuits to defend his-property, and has suffered damages as a result.

125. That the conduct of defendant Will County Circuit Clerks office was willful and exhibited a flagrant disregard for Mr. Covington federally secured rights. Accordingly, this defendant is liable t Mr. Covington under 42 U.S.C. ' 1983.

126. That the defendant Will County Circuit Clerks office under the "color of law," subjected, caused to be subjected, and is likely to continue subjecting Plaintiffs, to Offensive and threating mail and order of the court from State of Illinois Circuit Court

CONT

officials caused the deprivation of rights, privileges, or immunities secured by the U.S. Constitution including the Equal Protection (Due –Process) clause of Fourteenth Amendments.

127. That defendant Will County Circuit Clerks office (Clerk of the Court Will County Circuit Clerks Office,. is the approximate cause that denied the plaintiff his rights to Liberty protected by due process clause of Fourteenth Amendment of U.S Constitution Equal Protection ("Due Process") .

128. That the defendant Will County Circuit Clerks office actions were performed under color of state law, and violated Mr. Covington's due process rights under the 1st and Fourteenth Amendment to the United States Constitution.

129. The conduct of the defendant Defendant Will County Circuit Clerks office was willful and exhibited a flagrant disregard for Mr. Covington federally secured rights. Accordingly, this defendant is liable the plaintiff John Covington under 42 U.S.C. ' 1983.

130. Defendant's Will County Circuit Clerks office conduct as alleged above has caused the plaintiff, John Covington depression sleepless nights, upset stomach, and other significant emotional harm distinct from the inherent stress of the normal court process.

137. A constitutional deprivation may be attributable to a municipality only "when execution of a government's policy or custom ... inflicts the injury." Houskins v. Sheahan, 549 F.3d 480, 493 (7th Cir. 2008) (quotation marks and citation omitted). A plaintiff can show that a constitutional violation resulted from the execution of a municipal policy or custom in the following three ways: "(1) an express policy causing the loss when enforced; (2) a widespread practice constituting a 'custom or usage' causing the loss; or (3) a person with final policymaking authority causing the loss." Walker v. Sheahan, 526 F.3d 973, 977 (7th Cir. 2008) (citing Chortek v. City of Milwaukee, 356 F.3d 740, 748 (7th Cir. 2004)).The Defendant:)

138. That the Will County Circuit Clerks Office, Municipal Corp, by and through its agents or employees owned, operated, managed, directed, controlled and maintained a facility name, Will County Circuit Clerks Office located at 100 west Jefferson St. Joliet, IL 60432 is the Official Court Record Keeper for the State of Illinois Will County Illinois that has internal working operations that identify concerns within its organizational structure as any State of Illinois Governmental agency.

139. The defendant:) Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees violated Mr. Covington 1ST and 14th Amendment Rights secured in the 42 U.S.C1983 and the1st and Fourteenth Amendment which contains a number of important concepts, most famously state action, privileges & immunities, citizenship, due process, and equal protection.

36

140. The state action requirement refers to the requirement that in order for a plaintiff to have standing to sue over a law being violated, the plaintiff must demonstrate that the government (local, state, or federal), was responsible for the violation.

141. In Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978): b) Municipal entities may be sued under section 1983 only when their own policies, customs or practices cause the constitutional deprivation. c)

142. That the defendant:) Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees had an official policy adopted and promulgated by the entity; and had a practice or custom that, although not officially authorized, is widespread and well settled within the entity.

143. The defendant:) Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees policy ,custom or practice place the employees initials in a 4 letter format that created Hateful speech toward the plaintiff John Covington a he is a black male and the word was (KLAN).

144. The Defendant:) Will County Circuit Clerks Office, Municipal Corp, by and through its agents or employees had actual and constructive notice of unconstitutional practices and demonstrated gross negligence or deliberate indifference by failing to act. As in Neris v. Vivoni, 249 F. Supp. 2d 146, 2003 U.S. Dist. LEXIS 3620 (D.P.R. 2003).

145. That the defendant Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees for no reason other than a baseless hatred, then it denies that resident the equal protection of the laws.Olech v. Village of Willowbrook, 160 F.3d 386, 388, 1998 U.S. App. LEXIS 28387, *6 (7th Cir. Ill. November 12, 1998).

146. That the defendant:) Will County Circuit Clerks Office, Municipal Corp. by and through its agents or employees knew of its subordinate's misconduct and facilitate it approve, and condone, it and then turned a blind eye toward it. Gentry v. Duckworth, 65 F.3d 555 (7th Cir. 1995).

147. The defendant:) Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees is the approximate cause that denied the plaintiff his rights to Liberty protected by due process clause of Fourteenth Amendment of U.S Constitution.

148 .Equal Protection ("Due Process") clause for not allowing equal treatment to the plaintiff and unlawfully interfered with his protected liberty by failing to provide adequate procedural safeguards, to stop the deprivation of liberty to plaintiff John Covington.

149. That the defendant:) Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees put its name on every document of deprivation sent to the plaintiff allows for vicarious liability to be imposed on basis of state law without personal involvement. Navarette v. Enomoto, 536 F.2d 277, 1976 U.S. App. LEXIS 12940 (9th Cir. 1976),

150. The defendant:) Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees is a governmental Unit who was present and failed to intervene to prevent other officers from violating a person's constitutional rights is liable under Section 1983. Byrd v. Brishke, 466 F.2d 6 (7th Cir. 1972) (an officer who knows about the unlawful conduct and has a realistic opportunity to intervene and prevent harm from occurring is liable).

14th Amendment

151. Equal Protection Clause: "nor shall any State . . . deny to any person within its jurisdiction the equal protection of the laws." a) Usually, an equal protection claim involves class-based discrimination (race, gender, etc.) or fundamental rights (marriage, family, procreation, bodily integrity). Del Marcelle v. Brown County, 680 F.3d 887 (7th Cir. 2012).

152. The The Defendant:) Will County Circuit Clerks Office, Municipal Corp, by and through its agents or employees as complained herein, deprives Mr. Covington his right to be free from racial harassment, threats and offensive language and racial l discrimination associate within its organization under the freedom of Liberty pursuit to the Fourteenth Amendment (due process ) clause of the United States Constitution.

153. The defendant:) Will County Circuit Clerks Office, Municipal Corp) by and through its agents or employees, as complained herein, deprives The plaintiff John Covington equal protection(due-process) under the Fourteenth Amendment of the United States Constitution.

154.   As described above, the defendant:)  Will County Circuit Clerks Office Municipal Corp by and through its agents or employees has breached its duty not to discriminate and therefore, denying  plaintiff John Covington his due process to liberty.

155.   The plaintiff John Covington, Due process claim is asserted as claim of denial of either procedural or substantive due process or both; procedural due process claim alleges that state has unlawfully interfered with protected liberty of property interest by failing to provide adequate procedural safeguards, and claim focuses on procedures used by state.

156. The  deprivation of liberty or property; substantive due process claim alleges not that state's procedures are deficient, but that state's conduct is inherently impermissible, regardless of any protected or remedial procedures. Ramos v. Gallo, 596 F. Supp. 833, 1984 U.S. Dist. LEXIS 22499 (D. Mass. 1984).

157.    The defendant:)  Will County Circuit Clerks Office, Municipal Corp. by and through its agents or employees actions were performed under color of state law, and violated Mr. Covington's due process rights under the Fourteenth Amendment to the United States Constitution,

158.   As a direct and proximate result of the defendant:)  Will County Circuit Clerks Office, Municipal Corp, by and through its agents or employees John. Covington was not provided with the same level of protection from discrimination as other patrons has and he  has suffered damages as a result.

159. The conduct of the defendant:) Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees was willful and exhibited a flagrant disregard for Mr. Covington's federally secured rights. Accordingly, this defendant is liable to the plaintiff under 42 U.S.C. ' 1983.

160. That the defendant:) Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees under the "color of law," subjected, caused to be subjected, and is likely to continue subjecting Plaintiffs, John Covington to Offensive and threating mail and order of the court from State of Illinois Circuit Court officials caused the deprivation of rights, privileges, or immunities secured by the U.S. Constitution including the Equal Protection (Due –Process) clause of Fourteenth Amendments.

161. That the defendant:) Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees promulgated, created, implemented or possessed responsibility for continued operation of policy that (2) caused complained of constitutional harm, and (3) acted with state of mind required to establish alleged constitutional as deprivation as in Dodds v. Richardson, 614 F.3d 1185, 2010 U.S. App.

162. No reasonable person acting as employee at the defendant:) Will County Circuit Clerks Office, Municipal Corp by and through its agents or employees would assume that (KLAN) sent to the plaintiff/ black person that it would not "Shocks conscience" and deny him his "fundamental liberty to be able to be free from discrimination by a public facility.

163.    The Fourteenth Amendment contains a number of important concepts, most famously

state action, privileges & immunities, citizenship, due process, and equal protection.

164.  That the plaintiff's John Covington 42 USCS § 1983 complaint maintain theory of direct

liability against the defendant:) Will County Circuit Clerks Office, Municipal Corp

because its official failed to properly train, supervise, direct or control actions of

subordinate who causes injury. Pearl v. Dobbs, 649 F.2d 608, 1981 U.S. App. LEXIS

12942 (8th Cir. 1981).

165. Defendant's defendant Will County Circuit Clerks Office, Municipal Corp by and through

its agents or employees conduct as alleged above has caused the plaintiff, John

Covington depression sleepless nights, upset stomach, and other significant emotional

harm distinct from the inherent stress of the normal court process.

## COUNT IV

Intentional Infliction of Emotional Distress Claim
Against Defendants
Andrea Lynn Chasteen. Krystal   Swanberg and   Will County Circuit Clerks Office, Municipal
Corp by and through its agents or employees

166. The allegations of paragraphs 1 through 124 are incorporated herein by reference. .  As

described above, the conduct of Defendants Andrea Lynn Chasteen. **Krystal   Swanberg**

and  Defendant:) Will County Circuit Clerks Office, Municipal Corp by and through its

agents or employees actions were extreme and outrageous, including without limitation

using malicious and excessive force against Mr. Covington without provocation or

justification, destroying his Civil Liberties and evicting him from his property the

defendants   knew of its conduct, or knew that there was a high probability that such

conduct would result in such distress.

## Conclusion
## DAMAGES

167. Wherefore the plaintiff John E. Covington prays for the following:

a. judgment for compensatory damages against all defendants Andrea Lynn Chasteen.

   Krystal  Swanberg and  Will County Circuit Clerks Office, Municipal Corp by and

   through its agents or employees and a judgment for punitive damages against all

   defendants in an amount totaling  $100,000,00  One hundred Thousand Dollars for each

   named defendants.

11/28/22

## Certificate of Service

I, John Covington swore that on 11/28/22 he placed a copy 42 u.s.c1983 **complaint** in the U.S. mail and E- FILING system for service of the Defendant's to the parties listed at the address below.

Andrea Lynn Chasteen.

100 w Jefferson St

Joliet, Ill 60432


Krystal Swanberg

100 w Jefferson St

Joliet, Ill 60432


Will County Circuit Clerks Office, Municipal Corp

100 w Jefferson St

Joliet, Ill 60432


John Covington

# Andrea Lynn Chasteen

**Circuit Court Clerk**

815.774.4560     **OFFICE OF THE CIRCUIT COURT CLERK**     Fax 815.774.4580

Twelfth Judicial Circuit - Will County
57 N. Ottawa Street
Joliet, Illinois 60432
www.circuitclerkofwillcounty.com

May 17, 2022

**JOHN COVINGTON
104 SPRINGHILL DRIVE
BOLINGBROOK, ILLINOIS 60440
20L519**

RE: 2020 L  000519
JOHN E. COVINGTON
-VS-
SALEEM MOHAMMED

To Whom It May Concern:

Enclosed is a copy of the Minute Entry /Court Order entered on

by the Honorable JOHN C. ANDERSON.

Sincerely,

Andrea Lynn Chasteen
Clerk of the Circuit Court

KLAN

Encl.
cc  :  Court File

**JOHN COVINGTON
104 SPRINGHILL DRIVE
BOLINGBROOK, ILLINOIS 60440
20L519**

doc 1

## MISSION STATEMENT

The mission of the Circuit Clerk's office is to serve the citizens of Will County and the participants of the judiciary system
in a timely and cost effective manner, providing all court records, information and services with
courtesy, efficiency and impartiality.



## ANDREA LYNN CHASTEEN
CLERK OF THE TWELFTH JUDICIAL CIRCUIT COURT
WILL COUNTY, ILLINOIS
815-727-8592

June 7, 2021

JOHN E. COVINGTON
-VS-
SALEEM MOHAMMED

RE : 2020 L  000513

Dear Counsel :

With reference to the above captioned cause, you are advised that on
6/03/2021 minutes were entered by the Honorable JOHN C. ANDERSON dismissing
your case for want of prosecution; due to

_____ failure to appear

_____ failure to appear for Case Management Conference.

Sincerely,

Andrea Lynn Chasteen
Clerk of the Circuit Court

KLAN

cc :  Court File       *doc 2*

Will County Court House, 14 W. Jefferson Street, Joliet, IL 60432
www.circuitclerkofwillcounty.com

*This needs to be in its own envelope.

**eFileIL Customer Checklist**
*Utilize while electronically filing your documents

❑ New Case   ❑ Existing Case
Case No. 2018LM002394

Category _____

Type _____

❑ Fee: $ _____

❑ Cash   ❑ Debit/Credit   ❑ Waiver
☒ No Fee

**Paper Codes w/ Fees** (as it appears in Odyssey):

Request

**Optional Services Menu:**

_____   _____

❑ Corrections ___   t (complete before scanning):

Filing Code Request

Clerk's Initials: _____

**GOF 93** (Revised 07/21)

doc 3

**✳ All in One envelope**

## eFileIL Customer Checklist
**\*Utilize while electronically filing your documents**

☐ New Case    ☐ Existing Case
Case No. **2018LM2394**

Category _____

Type _____

☐ Fee: $ _____

☐ Cash    ☐ Debit/Credit    ☑ Waiver
☐ No Fee

Paper Codes w/ Fees (as it appears in Odyssey):
**Application ; Request ; Proposed Order**

Optional Services Menu:
_____
_____

☐ Corrections/Problems to correct (complete before scanning):
_____
_____
_____
_____

Clerk's Initials: _____

GOF 93 (Revised 07/21)

doc 4