UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN E. COVINGTON, ) | |
| ) | |
| Plaintiff, ) | Case No. 22-cv-5083 |
| ) | |
| v. ) | Hon. Steven C. Seeger |
| ) | |
| ANDREA LYNN CHASTEEN, KRYSTAL ) | |
| SWANBERG, and WILL COUNTY ) | |
| CIRCUIT CLERK'S OFFICE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

Plaintiff John Covington filed this action and made allegations about a truly bizarre interaction with the Will County Circuit Court Clerk's Office. Defendants responded with a motion to dismiss Covington's complaint. (Dckt. No. 34) For the following reasons, the Court grants the motion.

Plaintiff is a pro se litigant, and his second amended complaint isn't the easiest to swallow, let alone digest. The gist is that Plaintiff, a black man, received suboptimal customer service at his local courthouse in 2021 and 2022, to put it mildly. As best as the Court can tell from the allegations, Plaintiff received a few letters from the Will County Circuit Court Clerk's Office in connection with a state court case entitled *John Covington v. Saleem Mohammed*. Each letter from the Clerk's Office contained the word "KLAN" typed at the bottom. *See* Second Am. Cplt., at ¶ 9 (Dckt. No. 27).

Plaintiff attached the documents in question as exhibits to his second amended complaint. *Id.* at 35, 36 of 40. At first blush, and on a second look, the word "KLAN" is hard to spot. But it's there. On the letter dated May 17, 2022, "KLAN" appears right beneath the signature of Andrea Chasteen, the Clerk of the Circuit Court. *See id.* at 35 of 40. On the letter dated June 7, 2021, "KLAN" appears right beneath her signature, too.

Plaintiff believes that the Clerk's Office sent the letters in retaliation because he had won a case about a mortgage foreclosure in Will County court. *Id.* at ¶ 10. He faults Defendant Andrea Lynn Chasteen (again, the Clerk of the Circuit Court) for the letters. *Id.* at ¶ 12.

For now, suspend disbelief about the notion that the Will County Clerk's Office sent court documents with the word "KLAN" typed on them. Putting that aside, it is a mystery why the Clerk's Office would send Plaintiff a document that said "KLAN" in retaliation for winning a

mortgage foreclosure case. Why would the Clerk's Office care if he won a case? And why would they retaliate? It is a bizarre situation, double-baked.

That wasn't the end of things. According to Plaintiff, he also tried to turn in e-filing documents at the Clerk's Office, but the filings were rejected by Defendant Krystal Swanberg, a manager at the Will County Circuit Court Clerk's Office. *Id.* at ¶¶ 3, 17. Again, Plaintiff believes that Swanberg rejected his filings because he won the foreclosure case. *Id.* at ¶ 18.

So Plaintiff brought this lawsuit against Chasteen, Swanberg, and the Will County Circuit Court Clerk's Office. In his complaint, he brings an access-to-courts claim against each Defendant (Counts I, III, and V). *Id.* at ¶¶ 24–40, 53–74, 92–113. He also brings Fourteenth Amendment claims against each Defendant under both the Due Process and Equal Protection Clauses (Counts II, IV, and VI). *Id.* at ¶¶ 41–52, 75–91, 114–31. Finally he brings a count against all Defendants for intentional infliction of emotional distress (Count VII). *Id.* at ¶ 132.

Defendants now move to dismiss Covington's second amended complaint, for several reasons. *See* Mtn. to Dismiss (Dckt. No. 34). They argue that Plaintiff fails to plausibly allege a constitutional violation, or that Defendants Chasteen or Swanberg were personally involved. *See* Mem. in Support of Mtn. to Dismiss, at 5–12 (Dckt. No. 35). They also argue that sovereign immunity and quasi-judicial immunity bar suit against Chasteen and the Will County Circuit Court Clerk's Office. *Id.* at 7–8. And finally, they contend that Plaintiff inadequately pleads a claim for intentional infliction of emotional distress. *Id.* at 12–13.

Plaintiff did not respond to the motion to dismiss. The failure to respond is a waiver of any arguments against dismissal.[1]

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. *See* Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must provide the defendant with fair notice of the basis for

---

[1] Plaintiff never filed a response to Defendants' motion to dismiss. Instead, he filed a third amended complaint without leave of Court. (Dckt. No. 37) This Court struck the third amended complaint from the docket, and explained that it would continue to take Defendants' motion to dismiss the second amended complaint under advisement. (Dckt. No. 39) Because Plaintiff failed to file any response to Defendants' motion, however, all arguments against dismissal are waived. *See Clinton v. Famous Dave's of Am., Inc.*, 2022 WL 3081762, at *1 (N.D. Ill. 2022) (citing *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010)); *see also Lekas v. Briley*, 405 F.3d 602, 614–15 (7th Cir. 2005) ("While Lekas alleged in his complaint that his segregation was in retaliation for his filing of grievances, he did not present legal arguments or cite relevant authority to substantiate that claim in responding to defendants' motion to dismiss . . . . Accordingly, [his] Section 1983 retaliation claim has been waived."); *Bates v. Envision Unlimited, Inc.*, 2023 WL 3568684, at *2 (N.D. Ill. 2023) (dismissing claims where plaintiff failed to respond to motion to dismiss) (citing *Lekas*, 405 F.3d at 614–15; *Archie v. City of Chicago*, 2020 WL 5751185, at *8 (N.D. Ill. 2020) (same).

the claim, and it must be facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Analysis

To state a claim under section 1983, a plaintiff must allege "'the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *L.P. v. Marian Cath. High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Plaintiff seemingly claims that Defendants violated three of his constitutional rights, including: (1) the right to access to courts under the First Amendment; (2) the right to due process under the Fourteenth Amendment; and (3) the right to equal protection under the Fourteenth Amendment.

The Court grants the motion to dismiss for a simple reason: Plaintiff fails to state a claim for any constitutional deprivation. The second amended complaint lacks enough factual specificity to get over the plausibility hump.

First, consider Plaintiff's access-to-court claim against each Defendant. The claim is about the refusal of the Will County Circuit Court Clerk's Office to accept an unspecified document for filing. The claim is also about the appearance of the word "KLAN" on a few letters from the Clerk's Office.

To plausibly allege an access-to-court claim, a plaintiff must allege that the defendant's "actions hindered his ability to litigate a nonfrivolous claim, and that consequently he suffered an actual concrete injury." *See Johnson v. Piontek*, 799 F. App'x 418, 420 (7th Cir. 2020).

Here, Plaintiff alleges only that he "spoke with Ms. Swanberg at the counter of the Will County Clerk's Office," and that Swanberg "refused to accept any documents for E-filing from the plaintiff John Covington in retaliation for winning case# [sic] 18-LM-0785." *See* Second Am. Cplt., at ¶¶ 3, 17 (Dckt. No. 27). He also alleges that Swanberg "exhibited a completely indifferent attitude towards the plaintiff." *Id.* at ¶ 83.

Those claims fall well short of alleging that Swanberg's actions impeded Plaintiff's attempts to litigate a nonfrivolous claim, and that he suffered a concrete injury. It is not at all clear what, exactly, happened. The gist is that Plaintiff wanted to file something, and the Will County Clerk's Office refused. He does not explain what he wanted to file, or why they refused his request.

To allege an access-to-courts claim, a plaintiff must muster facts showing that he tried to "litigate a nonfrivolous claim," and suffered an "actual concrete injury" from an inability to litigate. *See Johnson*, 799 F. App'x at 420. But here, it is anyone's guess what he wanted to file,

3

let alone how he suffered an injury. What if he wanted to file a banana peel? Or a picture of Cookie Monster?

True, at the pleading stage, a complaint does not need to muster a high level of granularity. Notice pleading will suffice. Even so, the complaint does need to offer enough facts to "nudge the[] claims across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570. As things stand, Plaintiff alleges that the clerk's office refused to accept a filing, without revealing what it was. And he offers a theory for the refusal without offering any facts that stand behind that theory.

The complaint leaves something to be desired when it comes to personal involvement, too. As to Chasteen, Plaintiff alleges that he received "an official court / minute / order containing the word (KLAN) at the bottom on the order under Defendant: [sic] (Andrea Lynn Chasteen) (Clerk of the Court of Will County Circuit Clerks[)]." *See* Second Am. Cplt., at ¶ 34, 17 (Dckt. No. 27). He seems to allege that she "approved" of the writing because her "name" appears on the court documents. *Id.* at ¶¶ 23–24, 34–35, 38.

The complaint does little to plausibly allege that Chasteen had personal involvement in writing "KLAN" on any documents that allegedly went out the door. The fact that a senior official's name appears on the stationary does not mean that the senior official was personally involved in sending that particular document. Probably no clerk's office in the country functions that way.

Putting that aside, the complaint does not plausibly allege that Chasteen prevented Plaintiff from filing any document. The factual content simply isn't there.

On top of it all, the Court has concerns about the potential frivolousness of the claim. As a general matter, courts do not lightly reject claims because of their "extravagantly fanciful nature." *See Iqbal*, 556 U.S. at 681. The starting point is a presumption that the allegations of the complaint will be accepted as true if supported by well-pleaded facts.

But at some point, the more outlandish the claim, the more factual content that a plaintiff needs to offer to overcome the plausibility hurdle of the Federal Rules. District courts can draw upon "judicial experience and common sense." *Id.* at 679. At some point, the willingness to suspend disbelief crosses the breaking point.

"[A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). "Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *See Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002).

Here, plaintiff alleged a bizarre set of facts that was difficult to follow, outlandish in content, and sketchy on the details. Given the nature of the allegations, the Court requires more facts and more specifics to get over the hump and state a claim.

Plaintiff's Fourteenth Amendment claims fare no better.

The complaint offers no allegations that support a claim for a due process violation. Indeed, the complaint is completely devoid of any due process argument. Plaintiff "did not assert a deprivation of a protected interest, contest the adequacy of state-law procedures, or cite a single legal authority to support a due-process claim." *MBM Holdings, LLC v. City of Glendale*, 843 F. App'x 5, 7 (7th Cir. 2021).

And Plaintiff's complaint lacks adequate facts to support an equal protection claim, too. To plausibly allege a claim under the Equal Protection Clause, a plaintiff must allege that "(1) he is similarly situated to members of [an] unprotected class, (2) he was treated differently than members of [an] unprotected class, and (3) the defendant acted with discriminatory intent." *Allen v. Hasemeyer*, 673 F. App'x 575, 577 (7th Cir. 2017).

Plaintiff – who is black – merely alleges in conclusory fashion that Swanberg exhibited "intentional discriminating behaviors" and acted in a hostile manner "for no reason other than a baseless hatred for him." *See* Second Am. Cplt., at ¶¶ 75–76 (Dckt. No. 27). But that doesn't mean the alleged hostility was based on Plaintiff's race.

Plaintiff never alleges that Swanberg's actions were based on race. The claim against Swanberg is not about the use of the word "KLAN." Instead, the complaint seems to allege that Swanberg's behavior was because Plaintiff had won a prior case in state court. *Id.* at ¶ 18 ("The defendant and Will County circuit clerk employee Krystal Swanberg actions were in retaliation and intentional and basis on her hatred and spitefulness by refusing and denying the plaintiff, John Covington the filing of his E-filing envelopes for winning his first possession case."). Plus, Plaintiff never alleges that he was similarly situated to others in an unprotected class, but treated differently.[2]

And as for Chasteen, Plaintiff offers only the conclusion that she did "not provide[] [him] with the same level of protection from discrimination as other patrons," based on her alleged approval of mail with the word "KLAN" on it. *Id.* at ¶ 49. But it's unclear whether simply alleging a typewritten "KLAN" – with no other context – is enough to state a denial of equal protection. The complaint gives no indication as to how or why the word appeared on the document, or whether letters mailed to others had the same text.

Perhaps more importantly, Plaintiff never alleges that he met Chasteen in person, or that she knew of his race by other means. So it's hard to draw the reasonable conclusion that

---

[2] To the extent Plaintiff alleges a class-of-one equal protection claim, that claim fails, too. To allege such a claim, a plaintiff must plead that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *FKFJ, Inc. v. Village of Worth*, 11 F.4th 574, 588 (7th Cir. 2021) (quotation marks omitted). Again, Plaintiff doesn't allege that others were similarly situated, and he doesn't allege that there was no rational basis for any differential treatment. In fact, the complaint suggests that there *was* a rational basis for at least some of the Defendants' actions. Apparently, some of Plaintiff's court filings were rejected because of "filing errors." *See* Second Am. Cplt., at ¶ 60 (Dckt. No. 27).

5

Chasteen acted with discriminatory intent. And again, elsewhere in the complaint, Plaintiff alleges that Chasteen acted not based on his race, but "in retaliation for winning his first case." *Id.* at ¶ 10.

In all, there is just not enough to draw the reasonable conclusion that Chasteen was personally involved in conduct that intentionally discriminated against Plaintiff based on his race.

So, in the end, there is no plausible allegation of a constitutional or federal deprivation, either under the First or Fourteenth Amendments. That conclusion, in turn, leaves Plaintiff's claims against Defendant Will County Circuit Court Clerk's Office on shaky ground. He does not allege that the municipality itself committed a constitutional violation.

To hold a municipal entity liable under section 1983 through *Monell* liability, a plaintiff must satisfy the "threshold requirement . . . showing that a municipal policy or custom *caused the constitutional injury*." *J.K.J. v. Polk County*, 960 F.3d 367, 377 (7th Cir. 2020) (en banc) (emphasis added) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978)). When, like here, the plaintiff fails to allege an underlying constitutional violation, there can be no viable *Monell* claim. *See Gonzalez v. McHenry County*, 40 F.4th 824, 830 (7th Cir. 2022) (holding that a municipal entity "cannot be liable under *Monell* when there is no underlying constitutional violation") (quotation marks omitted).

Therefore, the federal claims against all three Defendants – Swanberg, Chasteen, and the Will County Circuit Court Clerk's Office – must be dismissed.

That leaves just the claim against all Defendants for intentional infliction of emotional distress. A federal court "may decline to exercise supplemental jurisdiction" over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court dismissed all of Plaintiff's federal claims, it declines to exercise supplemental jurisdiction over the remaining state claim for intentional infliction of emotional distress.

## Conclusion

For these reasons, the Court grants Defendants' motion to dismiss (Dckt. No. 34), but offers Plaintiff leave to amend. Any amended complaint must be filed by July 24, 2023.

Date: July 7, 2023

Steven C. Seeger
United States District Judge